# EXHIBIT 1

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## Please deliver items to David Morgan in Contreras v Bourke DO200901390

Nancy Bourke <nbourke36@gmail.com>        Thu, Oct 10, 2019 at 1:22 PM
To: "Miller, Bran" <bmiller@courts.az.gov>
Cc: "drpahl@att.net" <drpahl@att.net>, Joan Sacramento <sacramento.msw.jd@gmail.com>, "Spencer, Julie"
<jspencer@courts.az.gov>, "Serrano, Shawneen" <sserrano@cochise.az.gov>, "gregg.leslie@asu.edu"
<gregg.leslie@asu.edu>, "alweber7@asu.edu" <alweber7@asu.edu>, "jdragovi@asu.edu" <jdragovi@asu.edu>, "Hunley,
Amy" <ahunley@courts.az.gov>, "Barton, Vicki" <vbarton@courts.az.gov>
Bcc:

That's flat untrue, Bran. Your office has not mailed me **anything** since 2018. No initial copies of anything.

Fuck this. I know I will never get treated fairly. You all are working to make sure I never have access to ANY resources, even written court orders. You all want to wear me down to the point where I have no place whatsoever in my case or in my son's life to satisfy the judicial candidate.

I get it. I give up. I'm now as disenfranchised, poor, and without my family as you all want me to be. You win.

I'll continue with the investigation being pursued by the Judicial Commission since July. They seem to be the only ones who care about equal treatment. I'll add a complaint to the AOC or whoever deals with clerks. This is utter bullshit and I'm sick of banging my head against the same wall with all of you.

Nancy Bourke, Esq.
4036 La Linda Way
Suite C
Sierra Vista, AZ 85635
(520) 335-8762 (main office)
(520) 335-8763 (office)
(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.

On Thu, Oct 10, 2019 at 1:09 PM Miller, Bran <bmiller@courts.az.gov> wrote:

Hello,,

Our records indicate this would not be the first hand copies of documents that you would receive from our office, at least in regards to our most recent minute entries and received rule 125s although to confirm that all documents indicate that they were sent to you I would need to confirm which pleadings you are requesting copies of. Since you have a deferral then we could fulfill the request without payment at the time and the fees will be added to the fees on the case.

Whenever copies of any case are requested by any party the parties are required to pay a .50 cent per page fee by statute, the only time this fee would not be charged is if it was the initial copy of a court generated document, such as a Minute entry or rule 125 order.

The Clerk's office never mails requested copies without the statutory fee having been paid.

Best wishes,

Bram Miller

Operations Supervisor

520-432-8612

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Thursday, October 10, 2019 12:46 PM
To: Miller, Bram <bmiller@courts.az.gov>
Cc: drpahl@att.net; Joan Sacramento <sacramento.msw.jd@gmail.com>; Spencer, Julie <jspencer@courts.az.gov>; Serrano, Shawneen <sserrano@cochise.az.gov>; gregg.leslie@asu.edu; alweber7@asu.edu; jdragovi@asu.edu; Hunley, Amy <ahunley@courts.az.gov>; David Morgan, Publisher <editor.svdr@gmail.com>; Terri Jo Neff <cjw_media@yahoo.com>
Subject: Re: Please deliver items to David Morgan in Contreras v Bourke DO20090190

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bram,

Is Mr. Contreras also required to pay for the first hand copies of documents from your office?

I have complained repeatedly about this issue. You have read those two emails - have you also read all the prior ones where I am requesting a FIRST copy from your office? You *don't* mail them to me and haven't since 2018. I do *not* accept emails in lieu of physical copies.

Do you mail them to Danette Pahl for free?

And why would I need to pay the fee for 2nd copies up front if I have a statutorily-required deferral?

I've also copied and pasted the email you skipped over from me when you replied. It now appears in the chain below where it would have had you not ignored it.

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762 (main office)

(520) 335-8763 (office)

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.


On Thu, Oct 10, 2019 at 12:20 PM Miller, Bram <bmiller@courts.az.gov> wrote:

Good morning,


Yes, unfortunately yesterday was extremely busy and I was unable to address it then. I have read both emails now.


As to the copies, it appears as though all copies of minute entries and rule 125 orders have been emailed or physically mailed to whichever address was up to date at the time of the minute entry, most recently the address was updated on the 20th of September, 2019. If there are any you feel you have not gotten you will need to specify which those are and then pay the 50 cent per page fee for whatever copies you may request.


As to having Mr. Morgan pick up documents for you, that is frankly not possible for us to do as the case has been sealed/restricted per the Judge's orders. Most/all pleadings within this case can only have copies released upon the judge's order. The case being sealed is also why it does not appear on public access.


If you are able to obtain copies of documents in this case you would need to come in person and pay for copies via cash or card... Or you may request it through written letter with an original signature and a money order or cashier's check to total the fee of what needs to be printed. If you have any further inquiries please do not hesitate to reach out.


Best wishes,


Bram Miller

Operations Supervisor

520-432-8612


Danette,

When you casually mentioned speaking with Terri Jo Neff outside my presence and outside the courtroom by phone about this case - during her hearing last month - I asked Judge Peterson whether I was allowed to share motions and speak with the reporters about the 1st Amendment issues as well.

Judge Peterson - at least with regard to that limited issue - stated that I have equal rights of communication as you. He will likely change his mind, as he always does to limit only my rights. But he hasn't yet and we are still waiting on a written order regarding David Morgan's motion.

Until then, I will do what so can to limit the burdens I face in this never-ending war you are engaged in.

You have no legal grounds to object to Morgan picking up records. Just like I don't dictate who runs your errands and who assists you and Joan.

Knock of the nonsense. This would not be an issue save for the fact that the court has not mailed me anything since 2018.

Sealing the envelope more than covers the gag you insisted by placed upon all of us to protect your client's tattered reputation. I'll be glad to send you a photo of the sealed envelope upon my receipt to prove I'm not sharing information with David in the way you openly discussed sharing information with Terri Jo Neff.

From: Danette Pahl <drpahl@att.net>
Sent: Thursday, October 10, 2019 12:01 PM
To: Miller, Bran <bmiller@courts.az.gov>; Nancy Bourke <nbourke36@gmail.com>; Danette Pahl <drpahl@att.net>; Roger H. Contreras <rhogur@gmail.com>
Cc: Joan Sacramento <sacramento.msw.jd@gmail.com>; Dana Wylie <legalasst4pahl@gmail.com>; Spencer, Julie <jspencer@courts.az.gov>; Serrano, Shawneen <sserrano@cochise.az.gov>
Subject: Re: Please deliver items to David Morgan in Contreras v Bourke DO200901390

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Nancy:

I object to having Mr. Morgan pick up any records on your behalf. It is obvious from your statements that you are working with Mr. Morgan and sharing information with him, which is in direct contravention of the court orders.

Danette

On Thursday, October 10, 2019, 11:44:05 AM MST, Nancy Bourke <nbourke36@gmail.com> wrote:

Bran,

I have not received any acknowledgment from you that you have read the below email.


f you are able to give copies of filed items to David Morgan, please do that.  He mentioned to me that he will be at the courthouse anyway today and planned on asking you about my case anyway.


David has a motion pending with the court that the court has not yet ruled upon, related to the sealing of the file and all the other recent 1st amendment issues.  But even if there's no ruling yet, I would appreciate not having to travel to COSC and wait in line to pay for items that are supposed to have been mailed to me all this time. Earlier today, I noticed my case is no longer on public access, making it even more difficult to stay abreast of case developments.


If you are worried about David viewing those items, I'd suggest doing what I do with "jail mail" or with sealed items that I file with the court:  place the filed items in an envelope, seal the envelope with tape, and sign your name over where the tape meets the envelope so that I can verify that the envelope has not been opened by the time it reaches me.


I'm looking for any way at all to receive my copies of filed items and reduce the increasing burdens involved in getting even the most basic information in my case.  Thanks for your anticipated assistance.


Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762 (main office)

(520) 335-8763 (office)

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.


On Wed, Oct 9, 2019 at 1:46 PM Serrano, Shawneen D <SSerrano@cochise.az.gov> wrote:

  Good Afternoon Ms. Bourke,


  I'm confirming that I've received your email.

The Clerk's office process pleadings and provides copies to litigants. I've cc'd Bran the Clerk's Office Operations Supervisor, so he can assist with your request.

Thank you,

*Shawneen Serrano*

*Cochise County Superior Court*

*Court Administration*

*520-432-8501*

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Wednesday, October 9, 2019 10:23 AM
**To:** Serrano, Shawneen D <SSerrano@cochise.az.gov>
**Cc:** drpahl <drpahl@att.net>; Joan Sacramento <sacramento.msw.jd@gmail.com>; Terri Jo Neff <cjw_media@yahoo.com>; Dana Wylie <legalasst4pahl@gmail.com>; Julie Spencer <jspencer@courts.az.gov>
**Subject:** Re: Contreras v Bourke DO200901390

| |
|---|
| CAUTION: EXTERNAL EMAIL* |

Hi Shawneen,

I have not received mailed copies of court documents in about a year - over a year, I believe. I have changed my address and attached a copy of that Notice, here. Please direct the appropriate person to resume sending me copies of MEOs, orders, and the like at my new address. Please also acknowledge receipt of this email. I have made a similar request recently and it was not acknowledged nor complied with.

Thank you.

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762 (main office)

(520) 335-8763 (office)

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.

On Fri, Oct 4, 2019 at 2:50 PM Spencer, Julie <jspencer@courts.az.gov> wrote:

Good Afternoon,

Attached please find the Second Amended Order Re: Publication to Third Parties signed by Judge Peterson today. The original will be forwarded to the Cochise County Clerk's Office for filing.

Thank you and have a nice weekend.

Julie Spencer

Judicial Assistant

Graham County Superior Court

800 Main Street

Safford, AZ 85546

(928) 792-5101

This E-mail is from an **EXTERNAL** address. DO NOT click on links or open attachments unless you trust the sender and know the content is safe. If you suspect this message to be phishing, please report it using the Phish Alert Button at the top of the email, or forward to cochise.az.gov@missedspam.com or contact IT support at 520-432-8301.

# EXHIBIT 2

 Gmail                                                         Nancy Bourke <nbourke36@gmail.com>

## Contreras v. Bourke; DO200901390 - Supplemental Record on Appeal

**Hunley, Amy** <ahunley@courts.az.gov>                               Fri, May 12, 2023 at 4:48 PM
To: "Roger H. Contreras" <rhogur@gmail.com>, "Hunley, Amy" <ahunley@cochise.az.gov>
Cc: Danette Pahl <drpahl@att.net>, Joan Sacramento <sacramento.msw.jd@gmail.com>, "Bourke, Nancy"
<nbourke36@gmail.com>

Good afternoon Roger,

The Court of Appeals advised me that requests to supplement the record should be submitted by filing a Motion to Expand the Record with the Court of Appeals. Once I receive an order from them, I will be able to supplement the record with the additional documents.

Amy

**Amy J. Hunley**

Cochise County Clerk of the Superior Court

Jury Commissioner & Probate Registrar

100 Quality Hill, PO Drawer CK

Bisbee, AZ  85603

Office: (520) 432-8644

Mobile: (520) 335-4057

FAX: (520) 432-4850

**From:** Roger H. Contreras <rhogur@gmail.com>
**Sent:** Friday, May 12, 2023 4:32 PM
**To:** Hunley, Amy <ahunley@cochise.az.gov>
**Cc:** Danette Pahl <drpahl@att.net>; Joan Sacramento <sacramento.msw.jd@gmail.com>; Bourke, Nancy
<nbourke36@gmail.com>
**Subject:** Contreras v. Bourke; DO200901390 - Supplemental Record on Appeal

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Hunley,

I write on behalf of my counsel, Danette R. Pahl, copied here, to request that your office supplement the record on appeal in Respondent's four (4) pending appeals to include the Under Advisement Ruling issued by Judge Dickerson this morning, Friday, May 12, 2023.  This order will be necessary for the Court to render a decision on Petitioner's Motion to Dismiss should Ms. Bourke fail to voluntarily withdraw several issues presented by her Notice of Appeal in 2 CA-CV 2023-0032, 2 CA-CV 2023-0027-FC,  2 CA-CV 2022-0179, and/or 2 CA-CV 2023-0--- (Appeal filed 04-03-2023).

If you have any questions regarding this request, please direct them to Ms. Pahl.

Sincerely,

Roger H. Contreras

Petitioner

DO200901390

# EXHIBIT 3

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## Record on Appeal, Case No. PO202400086

**Hunley, Amy** <ahunley@courts.az.gov>                                    Tue, Jun 11, 2024 at 1:32 PM
To: "Bourke, Nancy" <nbourke36@gmail.com>

Hi Nancy,

Protective Orders/Injunctions Against Harassment are automatically restricted in AJACS. You're right, we should have unrestricted this case once service was completed and we have now done that. Thank you for letting me know. When documents in AJACS are restricted they show as "SEALED" when we transmit the record through the electronic system. I'll notify the Court of Appeals know just to be sure they don't seal the case.

Regarding the exhibits, rather than copying and then mailing all of the exhibits to the Court of Appeals, I decided it would be better to scan them into AJACS and send them electronically. There is a thumb drive that I'll have to have delivered, but that shouldn't be a problem. It's taking a bit longer than I expected, but I'm working on getting everything processed this week. I have notified the Court of Appeals that the exhibits are being transmitted separately. I'll send out an official notice once everything has been transmitted.

Finally, I'm attaching the two exhibits you requested.

Thank you for your patience!

Amy

**Amy J. Hunley**

Cochise County Clerk of the Superior Court

Jury Commissioner & Probate Registrar

100 Quality Hill, PO Drawer CK

Bisbee, AZ  85603

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Friday, June 7, 2024 3:15 PM
To: Cochise Appeals Clerks <CochiseAppealsClerk@courts.az.gov>
Cc: Hunley, Amy <ahunley@courts.az.gov>
Subject: Re: Record on Appeal, Case No. PO202400086

EXHIBIT 1

Email from Cochise County Clerk of the Superior Court to Appellant, dated June 11, 2024 (1 page)

EXHIBIT 4

1    Nancy Bourke
     Electronic filing number 999003157P
2    5269 Encanto Drive
     Sierra Vista, AZ 85635
3    (520) 335-8762
     nbourke36@gmail.com
4    Appellant Pro Per

                          ARIZONA COURT OF APPEALS

5
                               DIVISION II
6

7    NANCY BOURKE,                    )   No. 2-CA-CV-2024-0165
                                      )   Cochise County Superior Court No.
8              Appellant / Plaintiff, )   PO202400086
                                      )   MOTION FOR ACCESS TO RECORD
9    vs.                              )   ON APPEAL AND FOR TWO (2)-
                                      )   DAY EXTENSION OF OPENING
10   SCOTT KEPNER,                    )   BREIF DEADLINE BEYOND DATE
                                      )   APPELLANT IS PROVIDED ACCESS
11             Appellee / Defendant   )   TO RECORD
                                      )
12                                    )
                                      )
13   _____)

14       Appellant (hereinafter, "Nancy") seeks a short extension of her Opening

15   Brief deadline while she continues working to gain access to the electronic record

16
     on appeal (hereinafter "ROA") and resolve other administrative issues that have
17

18   rendered Nancy's work on the Opening Brief inefficient, at best.

19       Nancy delivered the audio recordings of the three hearings held in the trial
20

21   court and ordered official transcripts of the hearings on May 28, 2024. The

22   transcripts were delivered to this Court and to Appellee. However, the court

23   reporter sought Nancy's assistance in understanding the trial judge's speech
24

25   throughout a portion of one of the transcripts. Despite efforts to assist the court

26

reporter, and delivery of the transcripts to the Court and Appellee, that issue remains unresolved.

Nancy also attempted to file a Form 5 notice with this Court July 9, 2024. She is awaiting response from this Court' deputy clerk regarding what she needs to do to get that item properly filed, and thereby expedite service of documents herein, at least items addressed to Nancy.

Since May, Nancy has also been trying to resolve her ability to access the ROA directly with the Cochise County Clerk of the Superior Court, Amy Hunley. On June 11, 2024, Ms. Hunley assured Nancy that she would work with this Court to make sure the ROA was not sealed. Exhibit 1. It appears that Ms. Hunley accomplished everything she promised in order to expedite the appeal in Exhibit 1. 6/24/24 Clerk's Notification re: Supplemental Record on Appeal. However, to date, the ROA remains sealed to Nancy.

In this case, it is important that Nancy be allowed access to the electronic version of the ROA because Defendant/Appellee's trial exhibits were never offered to Nancy in whatever format the trial court transmitted them to this Court for inclusion in the ROA. *Cf., e.g.,* 4/4/24 MEO, *at* p.2: "During this testimony, Defendant's exhibits C, D and E were marked for identification with exhibits D and E admitted into evidence." and Exhibit 1, attached hereto dated June 11,

2024: "I decided it would be better to scan them into AJACS and send the [exhibits] electronically." What the exhibits contained became a confusing issue during the hearing because they were not marked until Defendant testified during the hearing, and the copies provided to Nancy at that time were not labeled in the manner the trial court labeled them. To date, Nancy has been unable to access the electronic copies that became a part of the ROA, either, rendering proper citation to the ROA nearly impossible short of granting Nancy access to the electronic ROA.

Nancy's intent is to be able to file an Opening Brief in compliance with ARCAP. The longer Nancy takes to file her brief, the longer the underlying orders will stay in place, as Appellee wishes. Appellee has not filed any Notice of Cross-Appeal. Therefore, the only prejudice that will accrue by granting a short continuance is to Nancy and her children, who will have to wait even longer to reinstate the protections of the IAH. Appellee would benefit from the underlying dismissal order remaining undisturbed even longer.

WHEREFORE, Nancy MOVES this Court to allow her unfettered electronic access to the ROA herein and further MOVES this Court to extend Nancy's Opening Brief deadline to two "court" days beyond the date the ROA is

unsealed by this Court and Nancy is thereby provided electronic access to the

ROA herein.

Respectfully submitted this 5th day of August, 2024.


/s/
Nancy Bourke

Copy of the foregoing transmitted via electronic filing this 5th day of August, 2024 to:

Division II (via submission for electronic filing)
Scott Kepner / 2230 E. Suma Drive / Sierra Vista, AZ 85650 (Appellee)

# EXHIBIT 5



Nancy Bourke <nbourke36@gmail.com>

# [Follow-up] Fwd: Record on Appeal, Case No. PO202400086

**Hunley, Amy** <ahunley@courts.az.gov>
To: "Bourke, Nancy" <nbourke36@gmail.com>

Sun, Aug 11, 2024 at 2:27 PM

Hi Nancy,

       After I received your message on Thursday, I called Itza French, Chief Deputy Clerk at the Court of Appeals. I did reach out to them when I sent the record up, but apparently they sealed the case because your other cases are sealed and they wanted to err on the side of caution. She said you can file a motion requesting that they unseal this case because it's not connected to your other cases that are sealed, and then they'll issue an order. You can contact Ms. French at the Court of Appeals (520-628-6954) if you have any other questions about this.

Amy



**Amy J. Hunley**

Clerk of the Superior Court

Jury Commissioner & Probate Registrar

_____

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

ahunley@courts.az.gov

www.cochise.az.gov/courtclerk

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Thursday, August 8, 2024 3:53 PM
**To:** Hunley, Amy <ahunley@courts.az.gov>
**Subject:** [Follow-up] Fwd: Record on Appeal, Case No. PO202400086

Caution! This message was sent from outside your organization.

Hey Amy,

I've filed a motion to continue with the appeals court related to the fact that they did (it turns out) seal the case at that Court, but figure I should ask in the meantime whether you ended up communicating with them as you mentioned before in this email chain.

As of this week, the case is [still] sealed with the Court of Appeals, which means I can't access the record you worked so hard to transmit to them several weeks ago.

It has been a while, so you might not even recall whether you communicated with them about the sealing, specifically, but figured it is worth asking you.

I already filed the MTC, but maybe an update from you could go a long way with the clerk's office, itself, so the judges don't have to deal with the practical stuff - the accessibility of their electronic record - before deciding the motion to continue?

Hope that makes sense - I'm just looking for a quick way to get the unsealing done.

Hope you are well!

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

---------- Forwarded message ----------
From: Nancy Bourke <nbourke36@gmail.com>
Date: Tue, Jun 11, 2024 at 6:27 PM
Subject: Re: Record on Appeal, Case No. PO202400086
To: Hunley, Amy <ahunley@courts.az.gov>


Thank you for unrestricting.


And thank you for letting the Court of Appeals know – that notification to them, alone, will save me a whole lot of time and headaches!


Thank you #3 for sending the exhibits electronically – it really helps when the parties can "see" the exhibits in the same way the Court of Appeals does, since briefs are required to include numerous references to the record and to the exhibits.  It helps even more in cases like this when exhibits were FIRST labeled with, for example, "Defendant's Exhibit B" at the same time they were admitted by the trial court.


Thank you #4 for the notice you'll send about the exhibits.


And thank you for attaching those two pages to the email.  See – I had already forgotten it was two pages / two signatures, etc in my prior correspondence about it.


Finally, thank you for dealing with this ongoing confusion!  I wish you had found an appellate clerk way back when you first listed the position, but honestly, I'm kinda glad you didn't because I know they wouldn't be as thorough as you have been cleaning up these weird messes!  Your loss is my gain in this context.


Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Tue, Jun 11, 2024 at 1:32 PM Hunley, Amy <ahunley@courts.az.gov> wrote:

Hi Nancy,

Protective Orders/Injunctions Against Harassment are automatically restricted in AJACS. You're right, we should have unrestricted this case once service was completed and we have now done that. Thank you for letting me know. When documents in AJACS are restricted they show as "SEALED" when we transmit the record through the electronic system. I'll notify the Court of Appeals know just to be sure they don't seal the case.

Regarding the exhibits, rather than copying and then mailing all of the exhibits to the Court of Appeals, I decided it would be better to scan them into AJACS and send them electronically. There is a thumb drive that I'll have to have delivered, but that shouldn't be a problem. It's taking a bit longer than I expected, but I'm working on getting everything processed this week. I have notified the Court of Appeals that the exhibits are being transmitted separately. I'll send out an official notice once everything has been transmitted.

Finally, I'm attaching the two exhibits you requested

Thank you for your patience!

Amy

**Amy J. Hunley**

Cochise County Clerk of the Superior Court

Jury Commissioner & Probate Registrar

100 Quality Hill, PO Drawer CK

Bisbee, AZ 85603

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Friday, June 7, 2024 3:15 PM
**To:** Cochise Appeals Clerk <CochiseAppealsClerk@courts.az.gov>
**Cc:** Hunley, Amy <ahunley@courts.az.gov>
**Subject:** Re: Record on Appeal, Case No. PO202400086

Caution! This message was sent from outside your organization.

Thanks, Amy!

Will the exhibits also be sealed in this case?  I think the items you previously sent up to the CofA are sealed for some reason.  Wasn't sure if the sealing was a mistake?  Or a holdover from prior to service of the IAH on the defendant in March?  Or there was a motion filed?  I didn't know if the record was sealed on purpose, basically.  And whether the exhibits will be sealed, also.

Have a great weekend.  Stay cool,

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Tue., Jun 4, 2024 at 9:59 AM Cochise Appeals Clerk <CochiseAppealsClerk@courts.az.gov> wrote:

Good morning Nancy,

I will be sending the exhibits to the Court of Appeals by the end of this week.

Amy

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Monday, June 3, 2024 11:31 PM
To: Cochise Appeals Clerk <CochiseAppealsClerk@courts.az.gov>

Cc: Hunley, Amy <ahunley@courts.az.gov>
Subject: Re: Record on Appeal, Case No. PO202400086

Caution! This message was sent from outside your organization.

Hi,

Following up on this to make sure the exhibits are included in the appellate record.

Nancy Bourke, Esq.

4006 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Wed, May 29, 2024 at 6:46 PM Nancy Bourke <nbourke36@gmail.com> wrote:

Hi,

We need the exhibits sent up for the appeal, also.

There were 3 hearing dates.

The first date (March 18th) was done remotely, ex parte, and if memory serves, the only thing the court referred to that date was my initial petition from AZPoint.

The majority of the Plaintiff's exhibits were admitted on the second date (March 27th) and some were admitted for the Defendant that day, also.

The third date had additional newly-admitted exhibits - that was April 4th. I'm pretty sure both sides had exhibits admitted that day.

On that third day, I sought admission of an exhibit that was not admitted. I asked for it back when he denied admission, the judge told me I could not have it back, but reiterated that it would not be admitted. I asked for it later from the clerk and they said I could get it through the appeal. That non-admitted exhibit is also relevant to the appeal - admission and denials of admission are frequent appeal topics in various case types. Separately, SVPD is asking me for it, also. It was an original affidavit signed by the Defendant and his wife, one page, notarized. I had just been hand-delivered the affidavit earlier that day, and the court is aware that it was my only copy.

The affidavit and all the other exhibits (admitted or not) are going to be really important in the appeal. There was paper, video, and audio spread out over those two dates.

Thanks so much!

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.


On Tue, May 21, 2024 at 1:29 PM Cochise Appeals Clerk <CochiseAppealsClerk@courts.az.gov> wrote:

Attached is a Clerk's Notification re: Record on Appeal.

EXHIBIT 6

IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

IN RE THE MARRIAGE OF

ROGER H. CONTRERAS,
*Appellee,*

*and*

NANCY L. BOURKE,
*Appellant.*

No. 2 CA-CV 2024-0019
Filed December 19, 2024

---

THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND
MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.
NOT FOR PUBLICATION
*See* Ariz. R. Sup. Ct. 111(c)(1); Ariz. R. Civ. App. P. 28(a)(1), (f).

---

Appeal from the Superior Court in Cochise County
No. DO200901390
The Honorable John J. Assini, Judge Pro Tempore

**VACATED AND REMANDED**

---

COUNSEL

Pahl & Associates, Tucson
By Danette R. Pahl
*Counsel for Appellee*

Nancy Bourke, Sierra Vista
*In Propria Persona*

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

---

**MEMORANDUM DECISION**

---

Judge Eckerstrom authored the decision of the Court, in which Presiding Judge Gard and Judge Brearcliffe concurred.

---

E C K E R S T R O M, Judge:

¶1　　　　In this ongoing family law matter, Nancy Bourke appeals from the superior court's October 31, 2023 order which, she contends, has functionally prevented her from accessing any documents in the underlying family law action. Bourke argues this ruling has deprived her of, among other things, her constitutional rights to free speech under the First Amendment and to due process under the Fourteenth Amendment. As discussed below, we lack direct appellate jurisdiction over this issue. However, because Bourke raises an issue for which there is no other "equally plain, speedy, and adequate remedy," Ariz. R. P. Spec. Act. 8(a), we accept special action jurisdiction over the matter, vacate the challenged order, and remand for further proceedings as outlined herein. *See Gutierrez v. Fox*, 242 Ariz. 259, ¶ 12 (App. 2017).

**Factual and Procedural Background**

¶2　　　　We view the evidence in the light most favorable to sustaining the superior court's findings. *Vincent v. Nelson*, 238 Ariz. 150, ¶ 17 (App. 2015). Bourke and Contreras are the parents of a minor child. *See Contreras v. Bourke (Contreras 2024)*, ___ Ariz. ___, ¶ 2, 556 P.3d 291, 293 (App. 2024). Since the dissolution of their marriage, the parties have engaged in contentious litigation. *Id.* As a consequence of the parties' conduct throughout the ongoing litigation, the superior court sealed the record and issued various "gag orders" designed to protect the minor child and to prevent the parties from discussing the matter outside the court proceedings. *See, e.g., id* ¶ 25; *Contreras v. Bourke (Contreras 2020)*, No. 2 CA-CV 2020-0046, ¶¶ 4, 6-8 (Ariz. App. Dec. 2, 2020) (mem. decision).

¶3　　　　In May 2023, the superior court designated Bourke a vexatious litigant, in part as a result of her filings contesting the gag and seal orders.[1] *Contreras 2024*, ___ Ariz. ___, ¶¶ 3, 26, 556 P.3d at 293, 299-300.

---

[1] A divided panel of this court affirmed that designation on appeal. *Contreras 2024*, ___ Ariz. ___, ¶¶ 1, 31, 556 P.3d at 293, 300.

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

As relevant here, that order prevented Bourke—who acts as a self-represented litigant in the underlying family law proceeding—from filing any document in that matter without prior court permission. *Id.* ¶ 3. Afterward, apparently as a result of the vexatious litigant order, Bourke, an attorney, faced State Bar disciplinary proceedings. As to that matter, she was represented by counsel.

¶4　　　　　During the course of the 2023 disciplinary proceedings, the superior court issued two orders granting requests by the State Bar of Arizona and Bourke respectively to unseal the case file "for use solely in" that matter. Several months later, Bourke's counsel filed an emergency motion for clarification of those two orders. That motion requested the court clarify that Bourke may provide testimony as necessary to mount a defense in the disciplinary proceeding, that she and her counsel have "complete access to the docket" in the underlying family law matter, and that she may use "any evidence or court filing, exhibits, or rulings offered or entered" in the underlying matter "in her defense."

¶5　　　　　The ensuing ruling ("October 2023 order") forms the basis of this appeal. Therein, the superior court granted Bourke's motion for clarification. However, that order substantially narrowed Bourke's access to the underlying docket from that which she had requested. The court specifically allowed access to the docket "only to counsel for" Bourke; it allowed that limited access only as to "those records deemed necessary for the sole purpose of [Bourke]'s defense in" the disciplinary proceeding; and it expressly prohibited Bourke from "possession or retention of any materials in any form, physical or electronic." Shortly after Bourke filed her notice of appeal from that ruling, her counsel withdrew from representation.

## Discussion

¶6　　　　　Bourke essentially argues that the October 2023 order has had the practical effect of prohibiting her from accessing any docket item in the underlying family law case (DO200901390). She has also apparently rejected service of process of materials related to that matter, citing her understanding that the ruling prohibits her from any access, including viewing documents contained in the record.

## I.　Jurisdiction

¶7　　　　　The parties dispute whether we have jurisdiction over this appeal. We agree with Contreras that we lack appellate jurisdiction. The

3

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

rulings Bourke requested the superior court clarify were issued in July 2023. Because neither order contained the requisite finality language provided by our state's procedural rules, neither constituted a final, appealable order. *See* A.R.S. § 12-2101(A)(1); *see also* Ariz. R. Fam. Law P. 78(b), (c) (judgments not appealable without finality language); Ariz. R. Civ. P. 54(b), (c) (same). For the same reason, the order granting Bourke's motion to clarify was also not appealable as a "special order made after final judgment." § 12-2101(A)(2). And, because a motion for clarification does not extend the time to file an appeal, Bourke's November 2023 notice of appeal would have been untimely even if the July 2023 orders were, themselves, appealable judgments. *See* Ariz. R. Fam. Law P. 84 (motions for clarification); Ariz. R. Civ. App. P. 9(a) (thirty-day window to file notice of appeal), (e) (Rule 84 motions not time extending).

¶8            Nor was the superior court's October 2023 order independently appealable. The October 2023 order is not a final judgment as contemplated by § 12-2101(A)(1). *See* Ariz. R. Fam. Law P. 78(a) (listing appealable judgments); Ariz. R. Civ. P. 54(a) (same). And, although an order granting an injunction may be appealable as provided by § 12-2101(A)(5)(b), we do not construe the October 2023 order as an injunction because—much like any interlocutory evidentiary ruling—it prescribes the parties' conduct only within the context of the ongoing litigation. *See, e.g., Nken v. Holder,* 556 U.S. 418, 428-29 (2009) (distinguishing injunction from stay, which "operates upon the judicial proceeding itself"); *see also In re Lorillard Tobacco Co.,* 370 F.3d 982, 986-87 (9th Cir. 2004) (considering federal jurisdiction over injunctions as provided by 28 U.S.C. § 1292(a)(1), characterizing injunction as order designed to provide some or all substantive relief sought by complaint).

¶9            Although we lack direct jurisdiction, Bourke's argument— that the order prevents her from accessing any part of the record in her family law case, in which she represents herself—falls within the scope of our special action jurisdiction. It does so because it implicates Bourke's ability to effectively pursue the family law matter. *See Gutierrez,* 242 Ariz. 259, ¶ 12 (jurisdiction appropriate when otherwise non-appealable order may affect final judgment or its enforcement). There is no other "equally plain, speedy, and adequate remedy" to challenge the October 2023 order.

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

Ariz. R. P. Spec. Act. 8(a). We therefore take special action jurisdiction and consider the appeal on its merits.[2]

## II.    Due Process Claim

¶10        Bourke argues the October 2023 order is unconstitutional under a number of theories, including that it infringes on her right to due process.[3] Specifically, she contends the order prevents her from accessing any records contained in the underlying family law docket, effectively barring her from representing herself in that matter. "We review constitutional claims de novo." *Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, ¶ 16 (App. 2006). This includes claims that a party's right to due process has been infringed. *Solorzano v. Jensen*, 250 Ariz. 348, ¶ 9 (App. 2020).

¶11        "Generally, due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Id.* Whether there has been a violation of procedural due process "depends upon the nature of the proceedings, the private interests at stake, the

---

[2]We reject Contreras's argument that "the issue that is presented is moot" because the challenged order was entered in response to the now-complete disciplinary proceedings. As the appellate record indicates, Bourke's reasonable interpretation of the October 2023 order has, at minimum, stymied her ability to actively participate in the underlying family matter proceedings.

We likewise reject Contreras's argument that the issue is moot because the superior court issued a clarifying order during the pendency of this appeal. Therein, the court noted the October 2023 order "seems to be in reference to a State Bar complaint" and that "[i]t has no bearing on the course of this case and in case there is a question, does not apply to the ability to accept service of this subsequent motion." Although this recent order suggests that the court does not intend for the October 2023 order to restrict Bourke's access, as we explain below, the language of the October 2023 ruling is facially overbroad and reasonably may be read by Bourke, the Clerk of the Court, the State Bar, and subsequent courts to prohibit Bourke from access to the underlying family matter docket for any purpose.

[3]Because we grant relief on due process grounds, we do not consider the other theories under which Bourke argues she is entitled to relief.

5

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

interests of the state, and the risk that the procedures used will lead to erroneous decisions." *In re Maricopa Cnty. Juv. Action No. JD-561*, 131 Ariz. 25, 27 (1981); *see also Dep't of Child Safety v. Beene*, 235 Ariz. 300, ¶ 13 (App. 2014); *accord Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Bourke and Contreras both have a fundamental interest in their relationship with their child. *See In re Maricopa Cnty. Juv. Action No. JD-561*, 131 Ariz. at 27. So, too, does the state have an interest in protecting the child's welfare, including protecting the child's best interests during these protracted proceedings between the parents. *See id.* at 27-28. Given these interests, although the superior court has wide latitude in the management of its docket, it must take care to minimize the risk that such management introduces error into its decision making. *See Volk v. Brame*, 235 Ariz. 462, ¶ 20 (App. 2014).

¶12         As with all legal proceedings, family law matters require courts to "afford the parties 'an opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Curtis v. Richardson*, 212 Ariz. 308, ¶ 16 (App. 2006)). Although no case presents the precise circumstances alleged here, we have repeatedly found due process violations in similar contexts wherein one party's ability to provide an "adversarial check on the quality of the information" offered to the court is eroded. *Id.* ¶¶ 11, 22, 24 (due process violation where child support determination based solely on documents and thirty-minute time limit on hearing led to court receiving "no testimony at all"); *see also, e.g., Solorzano*, 250 Ariz. 348, ¶ 13 (credibility determination, in the absence of any in-person testimony, violated due process); *Cook v. Losnegard*, 228 Ariz. 202, ¶¶ 17-19 (App. 2011) (insufficient notice of issues to be determined at trial violated due process). And, although due process does not require providing litigants counsel in civil cases, self-represented litigants must, at minimum, be afforded the opportunity to meaningfully represent themselves. *Cf. Encinas v. Mangum*, 203 Ariz. 357, ¶ 10 (App. 2002) (in civil action, inability to afford lawyer not violation of due process when litigant could represent self).

¶13         The plain language of the October 2023 order both proscribes Bourke from accessing the underlying record for the purpose of litigating her family law matter and from possessing or retaining "any materials" that would be found in that record—which includes all pleadings and all pertinent orders in the litigation. Indeed, the order expressly states that "[a]ccess to docket DO200901390 to utilize any evidence, court filings, exhibit or rulings is granted only to counsel for the Respondent [Bourke]," for "[o]nly those records deemed necessary for the sole purpose of"

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

Bourke's defense in the disciplinary proceeding, and that Bourke was "prohibited from possession or retention of any materials in any form, physical or electronic." We cannot conjure how any attorney could represent a client in a protracted family law matter without access to, and possession of, the pertinent orders and pleadings surrounding the case. For the same reason, we cannot imagine how any self-represented litigant could do so. Because Bourke is unfairly prejudiced by this restriction, it warrants reversal. *See Volk*, 235 Ariz. 462, ¶ 26.

¶14        Contreras argues that, when taken in the context of the superior court's prior and subsequent orders, the October 2023 order is confined to the disciplinary matter and therefore does not restrict Bourke from access to the trial court record for the purposes of litigating the family law matter. In so contending, Contreras overlooks the plain language of the October 2023 order, which unqualifiedly prohibits Bourke from gaining access to "docket DO200901390." That docket is the entire court record for the family law matter. To the extent prior and subsequent orders suggest the court intended to provide Bourke's attorney sufficient access to the record to defend her in the State Bar disciplinary matter, the October 2023 order plainly forbids all other access. Indeed, Contreras sought this very language in the order to prohibit Bourke from gaining personal access to the file for any other purpose. Thus, to the extent Contreras now argues that the order does not restrict Bourke from access to the court file to litigate her family law matters, that argument is not only incorrect but disingenuous.

¶15        In a subsequent order issued in October 2024 arising out of the family litigation, a different judge read the October 2023 order to have "no bearing on the course of this case." It therefore found that the prior order, prohibiting Bourke from possessing or retaining court materials, did not prevent Bourke from accepting service of motions and orders pertinent to an upcoming contempt hearing.[4] However, the 2024 order does not address, much less clarify for the clerk's office, whether Bourke's access to the docket has been restored.

---

[4] Although we approve of the superior court's clarification that Bourke may accept service of motions and orders without violating a prior order of the court and risking further contempt proceedings, we do not find Bourke's original interpretation of the October 2023 order to have been unreasonable.

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

¶16    We therefore conclude that because the text of the challenged order may reasonably be read to deprive Bourke of any access to the underlying family law record, it constrains her due process rights to have adequate notice of the proceedings and to meaningfully represent herself. *See Solorzano*, 250 Ariz. 348, ¶ 13; *Volk*, 235 Ariz. 462, ¶¶ 20-21; *Cook*, 228 Ariz. 202, ¶¶ 17-19.    We further note that any other orders that may constrain the parties from accessing records arising out of the family law matter in cause number DO200901390 are likewise inappropriate constraints on the parties' due process rights.    Therefore, we remand the October 2023 order for the limited purpose of allowing the superior court to clarify that Bourke and Contreras may access the family law record.

¶17    In remanding, we do not question the superior court's right to impose reasonable limits on the parties' use and distribution of those materials and to enforce those restrictions. *See, e.g., Nash v. Nash*, 232 Ariz. 473, ¶ 40 (App. 2013) (recognizing power of superior court to make family court matter closed, confidential, or otherwise limited upon finding that privacy interests outweigh public disclosure interests; *see also* Ariz. R. Fam. Law P. 13.    However, those limits may not deprive Bourke of the basic tools necessary to meaningfully litigate the family law matter to its conclusion.

¶18    Bourke's appeal does not meaningfully challenge, and we do not address, the superior court's decision sealing the matter from the public or prohibiting the parties from retaining or publishing materials related to the underlying matter.    Nor do we disturb the court's orders preventing the parties from discussing the matter outside the proceedings.    And, we do not disturb the court's vexatious litigant designation, which we have already affirmed on appeal. *See Contreras 2024*, ___ Ariz. ___, ¶¶ 1, 31, 556 P.3d at 293, 300.    As we have previously concluded, these measures are well within the superior court's discretion in the management of its docket. *See Volk*, 235 Ariz. 462, ¶ 20.    However, to the extent that the October 2023 order can be read to prevent Bourke from accessing any materials in the family law docket, and consequently to prevent her from effectively representing herself in that matter, the order runs afoul of Bourke's due process rights. Consequently, we vacate the October 2023 order and remand for the superior court to enter new clarifying orders that do not prevent Bourke from accessing the record for the purpose of fully litigating the underlying family court matter.[5]

---

[5]In early December 2024, the superior court entered a ruling that is consistent with our conclusion in this decision.    However, because a notice

IN RE MARRIAGE OF CONTRERAS & BOURKE
Decision of the Court

### III.   Attorney Fees and Costs

¶19      Contreras requests his attorney fees on appeal, pursuant to
A.R.S. § 25-324. Having considered the reasonableness of the positions each
party has taken throughout the proceedings, we deny that request. *See In
re Marriage of Morris & Mandel*, 255 Ariz. 158, ¶ 35 (App. 2023). As the
prevailing party, Bourke is entitled to her costs on appeal, subject to her
compliance with Rule 21, Ariz. R. Civ. App. P. *See* A.R.S. § 12-341.

### Disposition

¶20      For the foregoing reasons, we vacate the October 2023 order
and remand for proceedings consistent with this decision.

---

of appeal had been filed with respect to the October 2023 order and
remained pending with this court, the superior court lacked jurisdiction to
enter the December 2024 order. *See Cardenas v. Holmberg*, 257 Ariz. 45, ¶ 4
(App. 2024).

# EXHIBIT 7

1   Nancy Bourke
    Electronic filing number 999003157P
2   P.O. Box 244
    Sierra Vista, AZ 85636-0244
3   (302) 792-7999
    nbourke36@gmail.com
4   Appellant Pro Per

ARIZONA COURT OF APPEALS

5

DIVISION II

6

7   NANCY BOURKE,                        )   No. 2-CA-CV-2024-00019
                                         )   Department A
8                                        )
            Respondent / Appellant,      )   Cochise County Superior Court No.
9   and                                  )   DO200901390
                                         )
10                                       )
    ROGER H. CONTRERAS,                  )   NOTICE RE: PUBLICITY
11                                       )
            Petitioner / Appellee.       )
12                                       )
                                         )
13  ─────────────────────────────────── )

14

15      ¶1 In aggressive defiance of this Court and many other Orders, Appellee,

16  (hereinafter, "Father") secretly litigated DO200901390 with the Superior Court to

17  avoid paying any child support in favor of the minor child. Father purposefully

18  hid, among several other secreted docket items from DO200901390, a restraining

19  order and order to appear as they, by their own terms, expired. Instead, Father

20
    accompanied police officers to Mother's home to ambush her and her children as
21

22  Mother arrived with their dinner to their home around p.m. on January 22, 2025.

23

24                                      1

25

26

Father supervised law enforcement as they struggled to read, understand, and provide Mother with some, but not all, recent secret docket items from DO200901390, including some of Father's expired orders.

¶2 Father's surprise ambush resulted in both of Mother's children publicly begging on a public street to not be separated, to not to be forced to go with Father[1], and to testify against Father if Father's public infliction of these traumas were brought before a Court.

¶3 After Father's public use of force against his child, the child's Mother and the child's sister, Father's counsel emailed Mother expired orders regarding service of documents, along with a hearing date the Superior Court secretly set for Father.  Exhibit 1.

¶4 Father's dangerous, traumatic, illegal tactics have forced Mother into a situation whereby she can no longer meekly seek and await permission to protect

---

[1] To Father's "credit" he is apparently seeking physical custody of Mother's other child, to whom Father is unrelated, as Mother later learned.  It appears that Father only wants the children banned from any contact with Mother, not necessarily from contact with each other, as long as the siblings' contact with each other occurs inside of Father's home, without their Mother.  Mother's daughter does not wish to be in Father's presence under any circumstances, let alone live with him, and she wishes to testify regarding the best interests factors.

2

her children from Father.  Mother is filing this Notice to inform this Court that it is **necessary** for Mother to immediately break all seals, all gags, and all courtroom closure orders to prepare emergency witnesses, emergency testimony, and emergency evidence for the hearing that – according to Father's counsel – should have been vacated by the Superior Court once the service orders expired. Father purposefully deprived Mother of means to timely subpoena and serve witnesses.  His next move will likely be the forcing of Mother's landlord to execute a Writ of Restitution to deprive Mother of all of her papers, devices, and other possessions so that his secret hearing proceeds while Mother has no access to anything reasonably necessary for a hearing of this nature.  Therefore, Mother will be left to disclose the emergency circumstances to others and simply ask for their appearance in court in the hope that their wish to further the child's best interests will suffice under the illegal emergency circumstances Father has imposed upon his child.  Father's next predicted move of forcing Mother and her other minor child from their home and resources means that this will be the ONLY courtesy Notice provided before Father's next hearing in DO200901390.

¶5 Mother's children have a right to be heard regarding the absurd relief Father apparently will be demanding of this Court, including no contact with the

3

minor child, no parenting time, no child support orders, and the like. Indeed, the child's public demands he made - before service of any of the documents in Exhibit 1 to Mother - to be heard by a Court cannot, themselves, be communicated without breaking seals, gags, and courtroom closure orders. Mother has a right to due process, regardless of Father's illegal surprise removal of the minor child from his home as he verbally protested and publicly stated that he wants a say in his own life.

¶6 Father has no respect for Court orders, nor his child. Mother MUST mitigate further damage to the child by *preparing* for Father's next hearing in DO200901390. She must, at minimum, speak, read, refer to orders, and present evidence, such as witnesses with firsthand knowledge of Father's secretly pled issues, just like at hearings where parties have First Amendment and Due Process rights. Father and the Superior Court already ensured that Mother will not receive sufficient notice in order to be meaningfully heard. However, Mother must protect her child by use of the other minimal tools provided to other parents by other tribunals. Father's grave misconduct has converted what would have been Mother's seeking of permission into a mere NOTICE that she **WILL** be preparing to face the Superior Court with speech, and with the other minimal tools available

4

to all other parents in court proceedings regarding the best interests of their children, a matter of well-established constitutional magnitude, as recently reiterated by this Court's Decision.

¶7 Mother's emergency preparations have already commenced, and the necessary publicity Father has required by his misconduct will have resumed before this Court opens for business. This Notice is being filed as a courtesy and out of due respect for this Court, for the rule of law, and for her child. This child must – and will - be protected by Mother, his sister, himself, and others who can serve as fact witnesses regarding the factors under A.R.S.§§25-320; 403, 403.01 and the other legal issues Father has forced Mother to address immediately on behalf of the minor child, despite this Court's Decision, Stay, and Due Process Orders.

¶8 THE MINOR CHILD MUST BE HEARD AT THE IN-PERSON HEARING ON MONDAY, JANUARY 27, 2025, AT 9:30 A.M. Mother has been illegally denied any contact with the minor child. Therefore, the minor child MUST be transported to the hearing on MONDAY, JANUARY 27, 2025, AT 9:30 A.M. BY FATHER.

¶9 THE MINOR CHILD's SISTER MUST BE HEARD AT THE IN-PERSON HEARING ON MONDAY, JANUARY 27, 2025, AT 9:30 A.M.  She, Z█████████ ███ DOB █████████ will be transported to the hearing on MONDAY, JANUARY 27, 2025, AT 9:30 A.M. BY MOTHER TO TESTIFY regarding her brother's best interests.

¶10 MOTHER MUST BE HEARD AT THE IN-PERSON HEARING ON MONDAY, JANUARY 27, 2025 AT 9:30 A.M.  MOTHER MUST BE PROVIDED THE COURTROOM LOCATION IN ORDER TO TESTIFY.

¶11 MOTHER'S fact witness MUST BE HEARD AT THE IN-PERSON HEARING ON MONDY, JANUARY 27, 2025 AT 9:30 A.M.

RESPECTFULLY SUBMITTED this 23rd day of January, 2025.

By:  ___/s/_____
Nancy Bourke
Appellant Pro Se

Copy of the foregoing transmitted via submission to the Clerk for electronic filing this 23rd day of January, 2025 and, through that submission, to:

Danette Pahl, Esq. / Attorney for Appellee / Father
Joan Sacramento, Esq. / BIA

6

1

2

EXHIBIT 1

3

Emails regarding late service of hearing documentation in DO200901390 (3

4

pages)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

7

25

26

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## ISSUED EMERGENCY TRO Contreras v. Bourke

**Danette R. Pahl** <drpahl@att.net>                                Wed, Jan 22, 2025 at 7:45 PM
Reply-To: "Danette R. Pahl" <drpahl@att.net>
To: Nancy Bourke <nbourke36@gmail.com>, "Danette R. Pahl" <drpahl@att.net>, "Roger H. Contreras"
<rhogur@gmail.com>, Garnet Scarabin <garnet@pahlfamilylaw.com>, Michael Craft <mcraft@sc.pima.gov>

Dear Nancy:

Pursuant to the attached documents, as well as these same documents being handed to you at
7:14 p.m. tonight by Officer Alexis Thompson, PD #619, and FTO Officer Caleb Ramage, PD #567,
you have been served with the following documents:


2025-01-17 DO200901390 01 Petitioner's Petition for Modification of Parenting Time
2025-01-17 DO200901390 02 Notice of Filing
2025-01-17 DO200901390 03 Petition for Ex Parte Temporary Order Without Notice
2025-01-17 DO200901390 04 Certificate of Attorney
DO200901390 1.22.25 Temporary Order without Notice
DO200901390 1.22.25 Order to Appear
DO200901390 1.22.25 In Chambers Order

Per the attached TRO, you have been served and are on notice regarding the emergency hearing
on Monday.

Danette R. Pahl, Esq.
PAHL & ASSOCIATES
6400 East Tanque Verde Road
Suite 150
Tucson, AZ 85715
phone: (520) 628-1111
facsimile: (520) 628-1110

This email transmission contains information that is intended to be privileged and confidential
pursuant to the attorney-client privilege and the work product doctrine. It is intended only for the
addressee, or the employee or agent responsible for delivering it to the intended recipient. If you
receive this email in error, please do not read, copy or disseminate it in any manner. Please reply
by email and delete or discard the message. Your assistance in correcting this error is appreciated.

*** This signature block does not constitute a signing for purposes of Arizona Rules of Family Law
Procedure, Rule 69 ***


----- Forwarded Message -----
**From:** Danette R. Pahl <drpahl@att.net>
**To:** Michael Craft <mcraft@sc.pima.gov>; Danette R. Pahl <drpahl@att.net>; Garnet Scarabin
<garnet@pahlfamilylaw.com>; Roger H. Contreras <rhogur@gmail.com>; Joan Sacramento
<sacramento.msw.jd@gmail.com>
**Sent:** Friday, January 17, 2025 at 04:57:51 PM MST
**Subject:** EMERGENCY TRO Contreras v. Bourke

Dear Michael:

I hope that you are doing well.  The attached documents were filed today due to Ms. Bourke's housing status as shared in her recent court filings.

Can we have the hearing on 1/27 when we were supposed to have the Contempt Petition heard?

I hope that you have a wonderful holiday weekend!


Danette R. Pahl, Esq.
PAHL & ASSOCIATES
6400 East Tanque Verde Road
Suite 150
Tucson, AZ 85715
phone: (520) 628-1111
facsimile: (520) 628-1110

This email transmission contains information that is intended to be privileged and confidential pursuant to the attorney-client privilege and the work product doctrine. It is intended only for the addressee, or the employee or agent responsible for delivering it to the intended recipient. If you receive this email in error, please do not read, copy or disseminate it in any manner. Please reply by email and delete or discard the message. Your assistance in correcting this error is appreciated.

*** This signature block does not constitute a signing for purposes of Arizona Rules of Family Law Procedure, Rule 69 ***


----- Forwarded Message -----
**From:** Roger H. Contreras <rhogur@gmail.com>
**To:** "danette@pahlfamilylaw.com" <danette@pahlfamilylaw.com>
**Sent:** Friday, January 17, 2025 at 04:54:30 PM MST
**Subject:** Re: Contreras v. Bourke

Documents *actually* attached to this message.

On Fri, Jan 17, 2025 at 4:47 PM Roger H. Contreras <rhogur@gmail.com> wrote:
> Conformed documents attached:
>
> 2025-01-17 DO200901390 01 Petitioner's Petition for Modification of Parenting Time
> 2025-01-17 DO200901390 02 Notice of Filing
> 2025-01-17 DO200901390 03 Petition for Ex Parte Temporary Order Without Notice
> 2025-01-17 DO200901390 04 Certificate of Attorney
> 2025-01-17 DO200901390 05 Temporary Order Without Notice
> 2025-01-17 DO200901390 06 Order to Appear
>
> THANK YOU!!
>
> On Fri, Jan 17, 2025 at 12:25 PM <danette@pahlfamilylaw.com> wrote:
>
>> Dear Roger:
>>
>> You have my permission to execute and file the following document that I prepared in your case, that is attached hereto:
>>
>> 1) Petitioner's Petition for Modification of Parenting Time;
>>
>> 2) Notice of Filing;
>>
>> 3) Petition for Ex Parte Temporary Order Without Notice;

4) Certificate of Attorney;

5) Temporary Order Without Notice; and

6) Order to Appear.

Please attach this email as the final page of these pleadings to affirm my consent as to this document only.

Danette R. Pahl, Esq.
PAHL & ASSOCIATES
6400 East Tanque Verde Road
Suite 150
Tucson, AZ  85715
phone: (520) 628-1111
facsimile: (520) 628-1110

**7 attachments**

**2025-01-17 DO200901390 02 Notice of Filing.pdf**
681K

**2025-01-17 DO200901390 04 Certificate of Attorney.pdf**
673K

**2025-01-17 DO200901390 01 Petitioner's Petition for Modification of Parenting Time.pdf**
3000K

**2025-01-17 DO200901390 03 Petition for Ex Parte Temporary Order Without Notice.pdf**
4657K

**DO200901390-Temporary Order without Notice-Filed 01.22.25.pdf**
363K

**DO200901390-Order-Filed 01.22.25.pdf**
40K

**DO200901390-Order to Appear-Filed 01.22.25.pdf**
286K

# EXHIBIT 8

 Gmail

**Nancy Bourke <nbourke36@gmail.com>**

## Notice re Publicity attached - 2 CA-CV 2024-0019

Nancy Bourke <nbourke36@gmail.com>                                      Thu, Jan 23, 2025 at 8:52 AM
To: "Victoria, Yaxaira" <yvictoria@courts.az.gov>
Cc: theClerk <theclerk@appeals2.az.gov>, drpahl <drpahl@att.net>, Joan Sacramento <sacramento.msw.jd@gmail.com>,
"Craft, Michael (PIMA)" <mcraft@sc.pima.gov>
Bcc: Nancy Bourke <nbourke36@gmail.com>

Please stop, Yari.  You are wrong.

Nancy Bourke, Esq.
P.O. Box 244
Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named
within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the
intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is
prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent
messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered
sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Thu, Jan 23, 2025 at 8:42 AM Victoria, Yaxaira <yvictoria@courts.az.gov> wrote:

Good morning,

This is a Division Three case.

Thanks,

*Yaxaira Victoria*

Judicial Administrative Assistant to Judge Richard G. Karwaczka

Cochise County Superior Court- Division Four

(520) 432- 8520

yvictoria@courts.az.gov

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Thursday, January 23, 2025 2:46 AM
To: theClerk <theclerk@appeals2.az.gov>; drpahl <drpahl@att.net>; Joan Sacramento
<sacramento.msw.jd@gmail.com>; Craft, Michael (PIMA) <mcraft@sc.pima.gov>; Victoria, Yaxaira
<yvictoria@courts.az.gov>
Subject: Notice re Publicity attached - 2 CA-CV 2024-0019

Caution! This message was sent from outside your organization.

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

## Arizona Court of Appeals
## Division Two

| [Please click here to file another document] |
|---|
| ****** IMPORTANT NOTICE ****** |
| The document you submitted has been received by *e-filer*. Below is the information you provided. The document will be processed by the Clerk of the Court during regular business hours.<br><br>Lisa V. Howell, Clerk of the Court |

| | |
|---|---|
| Name: | Nancy L. Bourke |
| Bar Number: | 999003157P |
| Email: | nbourke36@gmail.com |
| Document Type: | Reply |

EXHIBIT 9

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## Re: FW: Contreras v. Bourke - Part 2 of 2

**Nancy Bourke** <nbourke36@gmail.com>
To: Don Wilson <dwj@bowwlaw.com>
Bcc: Nancy Bourke <nbourke36@gmail.com>

Fri, Jan 31, 2025 at 9:28 PM

I just saw your Notice of Limited Scope Appearance and it looks as though you are to keep me apprised of things within that Limited Scope. And I'm still not allowed to consult with you about the PDJ case. Jurisdiction has not been returned to the Superior Court in DO200901390, either, so I'm still not allowed to possess DO200901390 documents of any kind. So, I disagree that it is your job to update me on the DO matter. If you aren't asking for a Stay, you aren't defending me at the PDJ, either. That is the ONLY means for me to defend - to ask them to stop the PDJ case until they agree I may defend my license; until I have Due Process. I'm a month behind on emails, but still don't see that you've asked for the Stay; for Due Process for me.

Nancy Bourke, Esq.
P.O. Box 244
Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Sun, Dec 29, 2024 at 8:17 AM Don Wilson <dwj@bowwlaw.com> wrote:



Nancy, you do not need to give instructions to my legal assistant, that is my responsibility and she takes her direction from me. It is entirely inappropriate for you to do so, so please stop it. In fact, I want you to stop copying her on your emails. There is no reason for you to copy her. I will interpret your email below as instructing me not to have any communication with Ms. Pahl. Finally, it is my duty to keep you advised on the status of this matter, so I will continue to do that. What you choose to delete or not delete is up to you.

Donald Wilson, Jr.

**General Counsel**

BROENING OBERG WOODS & WILSON, PC
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona 85004
(602) 271-7717
Fax: (602) 258-7785

**BROENING OBERG WOODS · WILSON**











This e-mail, including attachments, is intended for the exclusive use of the addressee and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any dissemination, use, distribution or copying is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and permanently delete the original and destroy all copies.

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Friday, December 27, 2024 11:44 PM
**To:** Don Wilson <dwj@bowwlaw.com>
**Cc:** Shari L. Swartz <sls@bowwlaw.com>
**Subject:** Re: FW: Contreras v. Bourke - Part 2 of 2

Hi Don,

I have not opened the attachments and I never will. I'll be deleting these attachments after I respond (this is how far behind I am in my email account). I am literally not allowed to possess these things. I have been deleting every single court document in DO200901390 for over a year, whether it comes from Danette, from the Superior Court, or from a process server banging down my door and blowing up both of my phones.

I've been discarding it all and - as time permits - I've been diligently filing a Notice in Division Two (Court of Appeals) when I do so, every single time. I'm very late getting to this particular set of attachments, but Division Two will be notified that I'm getting rid of it all before I even open them, as I always do. Division Two is the ONLY Court that has jurisdiction over the matter of whether I'm ever going to be allowed to possess or retain anything from DO200901390. As Judge Downie ordered, no one related to my ex husband's serial Bar complaints gets to decide whether I can possess this stuff. The Superior Court already ordered that I can't and the Superior Court lost jurisdiction over whether I can possess or retain this stuff when I filed my Notice of Appeal last year.

Please do not let Danette reel you into this egregious mess. She will have you believe that she's just looking out for my son or that she's just doing her job as a lawyer and reaching out to you, Don, the sensible one. Don't buy it. Do not give her one second of your time. The woman is truly going to hell. Don't allow her to pull you into her evil in any way.

I'm also begging you (again) not to do anything for or on behalf of Danette no matter what she says. Don't talk to her, respond to her emails, or even just forward her messages to others. Please trust me that this is not a matter of you extending "professional courtesies". You don't have to believe me when I keep telling you what she's really up to; just look at it in terms of my defense limits, if you prefer. Please expend those limits only on my defense, not this witness against me in your case.

It is exceedingly inappropriate of her to use you to try to guarantee that I break the 10/31/23 Order in DO200901390, but one of Roger's manufactured crises at a time, I suppose.

I'm sending this to you, then deleting all the attachments. I will notify them I am deleting it all, as I have been doing for quite some time now. Their farce has to end. This is SO wrong.

Copying Shari in case I did not previously ask her to not communicate with Danette outside of my presence, nor to do anything at all at Danette's request.

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.


On Thu, Dec 12, 2024 at 11:51 AM Don Wilson <dwj@bowwlaw.com> wrote:

This is #2


Donald Wilson, Jr.

**General Counsel**

BROENING OBERG WOODS & WILSON, PC
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona  85004
(602) 271-7717
Fax:  (602) 258-7785





This e-mail, including attachments, is intended for the exclusive use of the addressee and may contain proprietary, confidential or privileged information.  If you are not the intended recipient, any dissemination, use, distribution or copying is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and permanently delete the original and destroy all copies.

**From:** Danette R. Pahl <drpahl@att.net>
**Sent:** Wednesday, December 11, 2024 7:53 PM
**To:** Michael Craft <mcraft@sc.pima.gov>; Danette R. Pahl <drpahl@att.net>; Don Wilson <dwj@bowwlaw.com>; Sharri L. Swartz <sls@bowwlaw.com>; Nancy Bourke <nbourke36@gmail.com>; Garnet Scarabin <garnet@pahlfamilylaw.com>; Roger H. Contreras <rhogur@gmail.com>; Joan Sacramento <sacramento.msw.jd@gmail.com>
**Subject:** Contreras v. Bourke - Part 2 of 2

Dear all:

Part 2 of 2

(15) 12/4/24 Lodged Order to Appear;

(16) 12/4/24 Petitioner's Motion for Clarification re Equal Access to Docket;

(17) 12/4/24 Lodged Order Re: Motion for Clarification re Equal Access to Docket;

(18) 12/4/24 Proposed Order re Alternative Service and Exact Copies;

(19) 12/5/24 In Chambers Order re Attorney Representation;

(20) 12/9/24 In Chambers Order re: Motion to Consolidate; and

(21) 12/9/24 In Chambers Order re Motion re Access to Docs-to Testify & Motion for Clarification.

10/17/24 COA 24-0019 Motion to Expand Record on Appeal

I also forgot to list the Lodged Order to Consolidate, so that is also attached.

Again, Mr. Wilson, please insure that Nancy is aware that per the orders issued on 10/16/24, and affirmed on 12/9/24, Nancy can possess the documents in the DO case, and exhibits related thereto.

Danette R. Pahl, Esq.
PAHL & ASSOCIATES
6400 East Tanque Verde Road
Suite 150
Tucson, AZ 85715
phone: (520) 628-1111
facsimile: (520) 628-1110

This email transmission contains information that is intended to be privileged and confidential pursuant to the attorney-client privilege

and the work product doctrine. It is intended only for the addressee, or the employee or agent responsible for delivering it to the intended recipient. If you receive this email in error, please do not read, copy or disseminate it in any manner. Please reply by email and delete or discard the message. Your assistance in correcting this error is appreciated.

*** This signature block does not constitute a signing for purposes of Arizona Rules of Family Law Procedure, Rule 69 ***

| Document Title: | Reply Re Motion for Clarification |
| --- | --- |
| Case Number - Title: | 2 CA-CV 2024-0019 - IN RE THE MARRIAGE OF CONTRERAS & BOURKE |
| File name: | Reply re M for Clarification with Exhibits.pdf |

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

# EXHIBIT 10

 **Gmail**

Nancy Bourke <nbourke36@gmail.com>

---

**CV202400759 - still need due process & basic court information in Kepner v. Bourke**

---

**Hunley, Amy** <ahunley@courts.az.gov>
To: "Bourke, Nancy" <nbourke36@gmail.com>

Wed, Feb 12, 2025 at 10:44 AM

Good morning, Nancy,

      This case is now available to view on Public Access, and you should be able to e-file now.

      The cost for a copy of the file is $46.00 (92 copies at $.50 per page). Once the fee is paid, we can have the documents available for you at the Sierra Vista office.

Amy



Amy J. Hunley

Clerk of the Superior Court

Jury Commissioner & Probate Registrar

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

www.cochise.az.gov/courtclerk

---

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Monday, February 10, 2025 2:57 PM
**To:** Hardt, Candece <chardt@courts.az.gov>
**Cc:** Casey, Joe <jcasey@cochise.az.gov>; Renteria, Marisol <MRenteria@cochise.az.gov>; Gordon, A <agordon.az.gov>; Lyda Longa <lyda.longa@myheraldreview.com>; editor.svdr <editor.svdr@gmail.com>; consumerinfo@azag.gov; Flores, Nitlza <NFlores@cochise.az.gov>; Victoria, Yaxaira <yvictoria@courts.az.gov>; Cochise County Clerk <cochiseclerk@courts.az.gov>; Hunley, Amy <ahunley@courts.az.gov>; Robert Stachel <rstachel@stachellaw.com>; svlaw@stachellaw.com; Serrano, Shawneen <sserrano@courts.az.gov>; South, Sarah <ssouth@courts.az.gov>; COOPER, BRYIN T <BRYIN.T.COOPER@cbp.dhs.gov>; RAMIREZ, JOSHUA N (OPR) <JOSHUA.N.RAMIREZ@cbp.dhs.gov>; NUCKLES, WILLIAM C (OPR) <WILLIAM.C.NUCKLES@cbp.dhs.gov>; Christopher Hiser <Christopher.Hiser@sierravistaaz.gov>
**Subject:** Re: CV202400759 - still need due process & basic court information in Kepner v. Bourke

    Caution! This message was sent from outside your organization.

The audio was finally mailed out at near the end of January (my #2, below).

Still waiting on my #s ▌ & ▌ from December, 2024.

Still waiting for my #s

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

---

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Wed, Jan 8, 2025 at 9:01 AM Hardt, Candece <chardt@courts.az.gov> wrote:

Good morning Ms. Bourke,

I previously reached out to you on December 30th, 2024, regarding the submission of the audio request form. As of today, we have yet to receive a completed form from you. Kindly complete the request form at your earliest convenience, and we will proceed with processing the audio..

Digital Audio and Transcript Request | Cochise County, AZ



Hardt, Candece
To  Bourke, Nancy

(i) This message was sent with High importance.

☺ | ↩ Reply | ↩↩ Reply All | → Forward | 📑 | ⋯

Mon 12/30/2024 11:32 AM

Good morning Nancy,

I was informed by the Clerk's Office that the fee for your audio request has been paid. However, I have not yet received the completed request form. To ensure we can proceed with processing your request, please submit the completed form at your earliest convenience.

Digital Audio and Transcript Request | Cochise County, AZ

Thank you,

*Candece Hardt*
Judicial IT Manager
Cochise County Court Administration

Thank you,

*Candece Hardt*

Judicial IT Manager

Cochise County Court Administration

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Tuesday, January 7, 2025 8:04 PM
To: Casey, Joe <jcasey@cochise.az.gov>
Cc: Renteria, Marisol <MRenteria@cochise.az.gov>; Gordon, A <agordon@cochise.az.gov>; Lyda Longa <lyda.longa@myheraldreview.com>; editor.svdr <editor.svdr@gmail.com>; consumerinfo@azag.gov; Flores, Niltza <NFlores@cochise.az.gov>; Commission on Judicial Conduct <CommissionJudicialCo@courts.az.gov>; Victoria, Yaxaira <yvictoria@courts.az.gov>; Cochise County Clerk <cochiseclerk@courts.az.gov>; Hunley, Amy <ahunley@courts.az.gov>; Robert Stachel <rstachel@stachellaw.com>; svlaw@stachellaw.com; Serrano, Shawneen <sserrano@courts.az.gov>; South, Sarah <ssouth@courts.az.gov>; Hardt, Candece <chardt@courts.az.gov>
Subject: Re: CV202400759 - still need due process & basic court information in Kepner v. Bourke

Caution! This message was sent from outside your organization.

I am following up on this again so that I can make a written record of my strenuous, sustained efforts to obtain procedural and substantive fairness, stability, and safety for my children. They will no longer be shielded from this corruption, this bullying, and all of these blatant illegalities when they are the ones who suffer the consequences of it all. They have to live with the homelessness and other sequalae; I won't be making them guess why this happened to them when they inevitably ask what went so wrong. I certainly won't sit back and wonder if they blame me for this situation. They deserve to know at least the main reasons why this is happening to them, as do the people on this BCC: list.

Also making a clear record here and now of my continued diligence in fulfilling ALL of my legal and financial obligations for any potential future landlords or homeless shelters we must turn to - as I always have - and as these specific landlords know, despite the perjury our of-right jury would have easily seen in any of these evictions filed against us. There's a reason we have a right to a jury trial and I will continue to insist on that right, but expect to continue getting ignored as I have been since March regarding these serial eviction cases.

Easier to make a record of my unilateral efforts for my children before we are rendered homeless as early as 14 hours from now. We are never provided access to our own eviction court records, even when I use this County's over-the-top procedures designed for only us, not other tenants. I've properly filed into the eviction cases, then promptly get locked out of the court files, over and over. That's why these proceedings continue, because the landlords and their lawyer(s) know that tenants like us don't receive justice until it is far too late, if ever.

It took us losing pretty much everything EXCEPT our home to finally get even the first nod at due process in 2 CA-CV 2024-0019. And that Decision did not go nearly far enough.

This has already gone on nearly as long as that case from initiating filing against us until today, while the Superior Court still has not yet gained back jurisdiction over the rest of our lives because of the sustained, devastating due process failures described, in a very small part, in the Decision in 2 CA-CV 2024-0019.

I will not be kicked out of our only home with my two minor children while remaining silent about being denied due process here again; being denied any voice at all in court; being denied our right to an impartial jury of our peers. Again. Just like in the prior evictions, as well as before 2 CA-CV 2024-0019 was decided.

As to #1: Judge Dickerson issued an order admitting that Judge Contreras slipped his courtroom clerk a note, and that Judge Dickerson discarded it. #1 has been addressed in its own way.

#2: The County is still stalling. No audio. Was ordered and paid for on 12/20/24. I checked the mail again tonight before writing this update.

#3: The second MTD was ignored by everyone and we have - AGAIN - been denied our right to a jury trial, or even a hearing on the MTD, just like we were denied basic due process in the other evictions by Scott Kepner.

#4: Nothing from the new judge.

#5: Same as #4.

#6: County still will not provide me a copy of the file that reflects what the court has.

#7: Still no eFile as of tonight - I just checked yet again.

This will probably not be the last time you hear me fighting for my children's basic legal and human rights. But this update needs to be distributed tonight, before we lose access to our only home. Before we lose access to electrical outlets to keep charging this phone I'm relegated to writing this update on. I can never get these matters addressed by the courts, so here's my (partial) record - as a Mother - for the benefit of my two wonderful children.

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Sun, Dec 29, 2024 at 5:43 PM Nancy Bourke <nbourke36@gmail.com> wrote:

All,

6/6/25, 2:35 PM

Gmail - CV202400759 - still need due process & basic court information in Kepner v. Bourke

Almost two full weeks having passed since Joe Casey's email, below, these are some of the things my children and I need so that we can **meaningfully** participate in CV202400759:

1. **ALL** communications between Judge Roger H. Contreras (matching highlight, below) and Judge Timothy B. Dickerson (Division IV) - or any other individual - that led to Judge Dickerson addressing Judge Contreras' "wish to be heard" during the December 19, 2024 hearing in the Division IV courtroom in Bisbee for CV202400759. This must include **all** verbal and **all** written communications between the two judges **and** anyone communicating on either judge's behalf regarding Judge Contreras' "wish to be heard" in CV202400759. Do not bother telling me to do a dilatory, ineffectual public records request. I **am a** party in CV202400759; Judge Contreras **is not**. I need the actual **content** of **all** of the pre-hearing communications that led to Judge Dickerson addressing Judge Contreras' wishes during the 12/19/24 hearing for CV202400759.

2. The official audio of that same hearing. This needs to be delivered directly to my address exactly as stated on the form when I paid for it; no back-and-forth about how and when to get this to me is needed and all such questions / emails / calls / requests that I travel to pick it up - will accurately be considered a stall tactic.

3. The MTD I mentioned below was ignored by the COSC for a while, then was eventually mailed back to me by the clerk's office, unfiled. I left another MTD with 2 (identical) forms of Order for filing this weekend and do NOT have the ability to supervise the COSC deputies Monday morning to ensure they file it the morning of 12/30/24. No stalling, please.

4. Disclosure of any / all *ex parte* communications related to CV202400759 by any Plaintiff or any representative of any of the Plaintiffs. Though these *ex parte* conversations necessarily include Scott Kepner pulling Judge Dickerson aside on a Saturday night to discuss the "Bourke case" or "Bourke eviction", consider this request for *ex parte* communications to be disclosed as comprehensive. It should be unnecessary in the first place because the obligation of the party not to corrupt his case belongs to that party. And the obligation is on court personnel to disclose their *ex parte* communications about cases regardless of timing, specific people communicating, whether done verbally or in writing, scope of communications, or depth of *ex parte* communications. Again, no stalling or excuses, please.

5. Similar to #4. It's exceedingly difficult for me to guess what may unfairly lead to my children becoming homeless when none of us are included in *ex parte* communications or told about any judge's past & ongoing interest in some part of my children's lives before judges make decisions. As ONE example, IF Judge Karwaczka believes his involvement in Plaintiffs' other, numerous real property disputes might affect his (singular) decision about **possession** of Plaintiffs' real property in CV202400759, *all* parties should be told up-front. Again, this is the judiciary's burden, but my children keep getting unfairly burned on undisclosed services, so I'm trying to use my crystal ball to prevent even more undeserved tragedies for which my innocent children must pay.

6. The full title of all court music in CV202400759.

7. Immediate, free access to CV202400759 in eJuAZ.

There's no good reason 1-4 & 6-7 should not be completely done within 24 hours of this email. #s 1, 4, 6 & 7 should have been done as a matter of course, without me asking in the first place, nor continuing to beg. I did my own part getting 2 & 3 complete & they should also be completed by the Court on December 30th. #5 - Judge Karwaczka's disclosure of any ex parte communications, conflicts or other concerns regarding impropriety - should be disclosed to both sides **before** he issues any scheduling or other orders in this extremely expedited case.

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Mon, Dec 16, 2024 at 4:44 PM Casey, Joe <JCasey@cochise.az.gov> wrote:

Good Afternoon Nancy,

I just received word that Alma Flores email was rejected because she no longer works with the courts.

Joe

Joe E. Casey

Associate County Administrator

Chief Information Officer (CIO)

Cochise County, AZ

Desk 520-432-8302

jcasey@cochise.az.gov

https://cochise.az.gov/

**From:** Renteria, Marisol <MRenteria@cochise.az.gov>
**Sent:** Monday, December 16, 2024 8:00 AM
**To:** Gordon, Alan <AGordon@cochise.az.gov>; Casey, Joe <JCasey@cochise.az.gov>
**Subject:** Fw: Division 5 rejected my email :CORRECTED: I need everything from CV202400759 - Immediately

Received this email. Can someone please respond? Thank you!

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Sunday, December 15, 2024 12:24:06 AM
**To:** Renteria, Marisol <MRenteria@cochise.az.gov>
**Cc:** Reyes, Lizette <lreyes@courts.az.gov>; Lyda Longa <lyda.longa@myheraldreview.com>; David Morgan, Publisher <editor.svdr@gmail.com>; consumerinfo@azag.gov <consumerinfo@azag.gov>; Flores, Niltza <NFlores@cochise.az.gov>
**Subject:** Division 5 rejected my email :CORRECTED: I need everything from CV202400759 - Immediately

**CAUTION: EXTERNAL EMAIL***

Forwarding to IT and others because this bounced from Division 5 (Alma Flores) as 'rejected'.

We refuse to be evicted for sitting on a 'rejected' message - a detailed message about abject failures that should never have been necessary in the first place.

Zoe Bourke Swartz's birthday party is in less than a week at the home from which they are seeking this next eviction.  Rick Swartz will not be able to arrange a make-up party for her if this eviction happens on Bob's requested timeline.  She will never get that celebration of her back.

Likewise, Zoe and Xander R Contreras are looking forward to Christmas morning at the house from which they are seeking this next eviction.  My children have been excited for Christmas this year at our home.  Roger H. Contreras used his coordination with Scott Kepner to tell me directly that Roger should take Xander from me immediately during one of the prior evictions.  Roger will not be able to make up for my children missing this Christmas at the home we built together for them to live and celebrate together with their Mom.

Everyone can keep talking to Rick and Roger about us all you want.  But you cannot keep accepting their allegations freely and handing out court orders behind our backs, while also openly rejecting my email begging for any process at all.  This is OUR home that Bob wants to take from us.  Not Rick or Roger's home.

Nancy Bourke, Esq.
4036 E. La Linda Way

Suite C
Sierra Vista, AZ 85635
(520) 335-8762

(520) 335-8764 (facsimile)

Unless otherwise specified, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

This email may contain legally privileged and confidential information. If the reader of this message is not the intended recipient, you are hereby notified that any review, dissemination, or copying of this communication is prohibited. If this communication is received in error, please notify us by return email and delete the original and sent messages.

---------- Forwarded message ---------
**From:** **Nancy Bourke** <nbourke36@gmail.com>
**Date:** Sat, Dec 14, 2024 at 8:46 PM
**Subject:** CORRECTED: I need everything from CV202400759 - immediately
**To:** Robert Stachel <rstachel@stachellaw.com>, Hunley, Amy <ahunley@courts.az.gov>, <aflores@courts.az.gov>, Serrano, Shawneen D <sserrano@cochise.az.gov>, Flores, Niltza <nflores@cochise.az.gov>
**CC:** William D. Moore <wmoore@sazlegalaid.org>, Diana Escojido <DEscojido@sazlegalaid.org>

All,

I apologize for sending my own partial, messy notes earlier tonight where I was trying to gather information from the prior evictions of me, Zoe Swartz, and Xander Contreras by Scott Kepner. I was crying when I started that email, and remain exhausted from fending off these multiple attacks alone, in the dark. I accidentally pressed the "Send" button, rather than saving the draft and then turning to a "fresh" email to the court actors involved in this specific, most recent illegal attempt to make us homeless through the court system.

These multiple evictions and blatant harassment of us has taken a deep toll on our well-being, and the lack of due process is a huge part of that. I turned down a party invitation tonight to come beg for due process - AGAIN - and that, itself led to me sending the wrong email - because that one was related to the lack of due process, also. The anxiety is admittedly overwhelming me tonight. I apologize.

I've deleted the below partial list of individuals and local agencies that worked diligently behind our backs leading up to our denial of due process before, during, and after the prior evictions. Though those events, people and agencies continue to cause us undue, extreme stress related to their illegal attempts to render us homeless, they were not meant to be the direct recipients of this email. I've therefore deleted that list, but those events and all of those actors were only kept secret from me, Zoe, and Xander, so if you want to use that messy partial list for your own purposes, that's fine. They all have already, I still don't have all of the people, organizations, or events, myself, and no one has informed us of their prior efforts against me, Zoe, and Xander to date. As you know, I still don't even have access to those proceedings; no court docket, none of the body cams SVPD gave to Scott Kepner when they participated in some of the break-ins described in that list, no official reports, no jury to hear facts, nothing. But me, Zoe, and Xander are the only ones who have suffered from all the prior secret collaborative efforts against us, so feel free to resurrect that mistaken partial list if you want for whatever you want to do with it. All of those people and agencies know what they did to us, anyway.

CV202400759 is another round of this same process, hence the mix-up tonight.

I checked eFileAZ and public access earlier this week when I saw Bob filed this next court case against us. Once again, this docket is not available to me, the only adult in this case whose children are facing imminent homelessness. So I filed a Motion to Dismiss based on the complaint, which is all that Bob has provided to me.

As you know, Bob has filed this as another eviction on top of the prior pro se efforts by Scott Kepner, while his prior evictions are still pending and while one of his prior evictions preserves our right to exclusive possession of the property that he wants to immediately dispossess us from via CV202400759. Our right to possession is right there in the only document Bob - through Melissa - has provided to us. Of course, that means this next eviction is on another extremely expedited timeline - for me, Xander, and Zoe, anyway, who need as much time as possible to figure out how to live on the street if this next eviction is granted despite procedure, facts, and law. We have never been through this before.

**NOT KEEPING ME IMMEDIATELY INFORMED OF EVERY DEVELOPMENT IN THIS CASE IS UNACCEPTABLE.**

I will not sit back and quietly permit the lack of due process to render my children homeless when Bob is using the court system to accomplish that goal. When you fight your tenants through the court system, your tenants are owed due process. I have dropped everything again tonight to officially insist on that process, which must be expedited because Bob is demanding expedited relief under the RPEA's expedited Rules.

Bob - every single time you file anything whatsoever in CV202400759, you must _immediately_ serve me a __conformed__ copy of that document or some other proof that I ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. You want our homelessness to be expedited, so that means you need to endorse everything you do in this case in an expedited manner. Your duties to me, Xander, and Zoe in this situation go beyond the RPEA, but you need to start there, at 4(a):

a. Due Diligence. Each party and attorney filing or appearing in an eviction action or defense shall exercise due diligence to ensure that the action has a good faith basis; that the relief sought is consistent with the applicable rental agreement or applicable law; and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Attorneys must exercise reasonable care to ensure that their pleadings are accurate and well-grounded in fact and law.

Bob, you may recall me shadowing you around JP5 back in the year 2010 when I worked for you and Laura Cardinal. This was so I could learn evictions from a lawyer who had been doing them many years, even back then. You have been doing this a long time and know the requirements for ▓▓▓▓▓▓▓▓▓▓▓. Act like it.

Alma - You got dumped into the middle of all of these actions against me, Xander and Zoe that have been going in and out of Division 5 this year. Previously, ▓▓▓▓▓▓▓▓ spoke with Judge Dickerson about the "Bourke case" or "Bourke eviction" on a Saturday night. Of course, that means it was ▓▓▓▓▓▓. The ▓▓▓▓▓▓ advocacy against me, Xander, and Zoe caused many additional problems regarding Judge Dickerson's ▓▓▓▓▓▓▓▓▓▓▓▓ in all of these cases, and specifically with the appeal that - by Bob's own pleading - preserves our right to remain in our home. And the ▓▓▓▓▓▓ discussions Judge Dickerson partially disclosed to me occurred AFTER that partial list of ex parte actions I accidentally sent earlier tonight in the email, below. That partial list of ex parte events we were never informed of only covered a few days or weeks in April, 2024 during the ?second? set of eviction proceedings - before I realized I hit send instead of saving the draft. That list was very small compared to the full list of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, most of which we will never know about. But please understand we are hurting deeply by never being informed - even by the court - what is happening to us. I'm assuming you were unaware of this case and the extremely expedited timeline in which Bob Stachel is pleading for my childrens' imminent homelessness. I assume that at least the September ▓▓▓▓▓▓▓▓▓▓▓▓ that Scott Kepner had with Judge Dickerson are contained in a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that has not yet been delivered to me. To be clear, I have received a total of two ▓▓▓▓▓▓▓▓▓▓▓▓ from the Court. Now that I specifically did not attend a Christmas party tonight to come to my office tonight to insist on due process, you, too, now need to _immediately_ endorse me on anything and everything that comes from Division 4 on CV202400759, so that I can preserve all of our due process rights, including the rights in my lease (that I pay for) to my childrens' peaceful enjoyment of their own home. I also have the right to a ▓▓▓▓▓▓▓▓▓▓▓▓, but none of the ▓▓▓▓▓▓▓▓▓▓▓▓ were ever taken seriously before, so let's start with sending me the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that Division 4 has and I'll decide what to do from there.

Alma, sending court documents to the COSC and considering your job done is not acceptable under these circumstances and Bob's demands for immediacy. You are also keenly aware of the ongoing problems with COSC communications and overall extreme slowness in all cases. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Shawneen - same for Court Admin. If there's a move from Lindstrom to Dickerson, for example, it is not acceptable under these circumstances and Bob's demands for immediacy for you to just send it over to COSC and consider your work done. I need direct, __immediate__ contact from you or any other court administrator handling these things, with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Amy - CV2024000328 & CV202400474 (some of Scott Kepner's prior evictions) being hidden from me, Xander, and Zoe is what led to CV202400759 and these most recent access problems. I will not accept months more of feckless contact with the AOC, with you, with everyone who knows more about my childrens' imminent homelessness than we do. CV202400759 must immediately be placed into eFileAZ, and no filing fees should ever populate in person at the COSC, over eFile, or otherwise, since I am responding to (yet another) FED. Fix the eFile problem now and ensure it is always as up to date for me, Xander, and Zoe, as it is for every other user. Same with public access. CV202400759 needs to be there and be up-to-date at all times.

Bill - I will not accept any further non-answers from SALA as to whether they represent me. We went through non-clarity about you filing a NOA and appearing in court in some of these prior evictions by Scott Kepner. Without getting too deeply into privileged communications, this lack of clarity and me trying to pin down SALA's stated commitments to us this past week parallels everyone else keeping me in the dark about these evictions. I will not accept being the last to know whether I'm even represented for CV202400759. One communication I do want to include here is that I told you previously and the necessity of this email proves - this Court system doesn't take our rights seriously. We need someone the system respects on the pleading paper for any of them to follow the rules, hear the facts, and apply the law fairly.

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

---------- Forwarded message ----------
From: **Nancy Bourke** <nbourke36@gmail.com>
Date: Sat, Dec 14, 2024 at 6:43 PM
Subject: I need everything from CV202400759 - immediately
To: Robert Stachel <rstachel@stachellaw.com>, Flores, Alma <aflores@cochise.gov>, Hunley, Amy <ahunley@courts.az.gov>

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

**This E-mail is from an EXTERNAL address. DO NOT click on links or open attachments unless you trust the sender and know the content is safe. If you suspect this message to be phishing, please report it using the Phish Alert Button at the top of the email, or forward to cochise.az.gov@missedspam.com or contact IT support at 520-432-8301.**

# EXHIBIT 11

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## Incident #00728096 (Ref:IN:00728096)

**Nancy Bourke** <nbourke36@gmail.com>                                      Thu, Feb 13, 2025 at 4:40 PM
To: help@courts.az.gov
Cc: "Hunley, Amy" <ahunley@courts.az.gov>, "David Morgan, Publisher" <editor.svdr@gmail.com>, Lyda Longa
<lyda.longa@myheraldreview.com>
Bcc: ███████████████████████████████████

Jovan & Amy,

I'm now facing another deadline on this.  We had court last month and it was very clear that the opposing party had full
access to this record, even though I am the one who paid the fees, constructed the record, and paid for the record.  When
will I ever be provided the Record on Appeal for CV202400474?  This needs to be resolved NOW.  I have been sitting
here for almost 10 full months with no access to my own case.  This is ridiculous I have been asking for 10 months or that
I ever had to ask at all.

Just for the benefit of those on the CC and BCC lines of this email:  This is only one of ......13 / 14 ? email chains on this
issue of providing me access to this court record.  Also for your benefit, I was told yesterday that Amy Hunley had no
problem whatsoever providing records to a private investigator hired by the State Bar - immediately - to look for problems
that don't exist.

They lost on the issue of using Amy's immediate research trying to surprise me with non-existent problems, but it isn't lost
on me that Amy has no problem at all providing the entire world records, immediately....unless it is me asking in my own
cases.

Nancy Bourke, Esq.
P.O. Box 244
Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named
within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the
intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is
prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent
messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered
sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

---------- Forwarded message ---------
From: Nancy Bourke <nbourke36@gmail.com>
Date: Thu, Nov 21, 2024 at 4:04 PM
Subject: Re: Incident #00728096 (Ref:IN:00728096)
To: <help@courts.az.gov>

Just now getting to this email.  And just want to make sure that you and I are on the same page - I didn't really see this as
an "address" issue.  I just want "regular" "public access" - any kind of access from my computer, I suppose.  I never saw it
as my "address" not populating - to me it was that my case number won't populate.  And today, I still can't pull the case up
in any manner at all.

Thanks, Jovan.

Nancy Bourke, Esq.
4036 La Linda Way
Suite C
Sierra Vista, AZ 85635
(520) 335-8762
(520) 335-8764 (fax)

www.bourkelawfirm.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Thu, Nov 14, 2024 at 2:57 PM RemedyForce System <help@courts.az.gov> wrote:

Hello Nancy,

This is Jovan with the AOC Support Center. We spoke regarding your address not populating on a case in public access. As I mentioned on the phone, the team is still working on providing a resolution. Currently they are working on correcting parameters in the system to make the correction and fix the issue, also to prevent this from happening in the future.

The latest update on the request shows they are actively working on developing and implementing a fix.

Please feel free to either reach out to me for additional information, or contact the court directly.

Thank you,
AOC Support Center
602-452-3519

(Ref:IN:00726096)
Important: Do not change the subject line while replying.

We appreciate your feedback, please tell us how we're doing at: https://docs.google.com/forms/d/1kIg4gKMazS-TZyaFsvWVeqzhs78SvasGc3dv-k89U0o/viewform

Arizona Courts Support Services (Internal)
(602) 452-3900
(855) 229-3900
http://www.azcourts.gov

Not a court employee? Here's how to contact us:
Arizona Courts Support Services
(602) 452-3519
(800) 720-7743
http://www.azcourts.gov

# EXHIBIT 12

Case 4:26-cv-00039-RM    Document 1-1    Filed 01/21/26    Page 71 of 105

 Gmail             Nancy Bourke <nbourke36@gmail.com>

## 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous

**Hunley, Amy** <ahunley@courts.az.gov>             Wed, Apr 2, 2025 at 6:48 PM
To: "Bourke, Nancy" <nbourke36@gmail.com>
Cc: "Becklund, Marjorie" <marjorie.becklund@azag.gov>, drpahl <drpahl@att.net>, Joan Sacramento
<sacramento.msw.jd@gmail.com>, "Flores, Niltza" <NFlores@cochise.az.gov>, theClerk <theclerk@appeals2.az.gov>,
"Craft, Michael (PIMA)" <mcraft@sc.pima.gov>

Nancy,

        Pursuant to Judge Wade's Order dated March 4, 2025, "all previously issued gag, seal, and closure orders within the scope of this docket number remain in effect and apply equally to both parties." As such, the case remains sealed, and we are unable to provide copies of any documents at this time.

        If you wish to obtain access, you will need to file a motion and proposed order requesting permission to receive the requested documents. Please note that the same restrictions apply to the petitioner in this matter.

        For your reference, I've attached a copy of the AJACS Register of Actions in DO200901390, which may assist you in identifying the specific documents you are seeking.

     Amy J. Hunley

Clerk of the Superior Court

Jury Commissioner & Probate Registrar

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

www.cochise.az.gov/courtclerk

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Friday, March 21, 2025 4:47 PM
**To:** Hunley, Amy <ahunley@courts.az.gov>
**Cc:** Moreno, Angela <anmoreno@courts.az.gov>; drpahl <drpahl@att.net>; Joan Sacramento <sacramento.msw.jd@gmail.com>; Begnoche, Lauren <lbegnoche@courts.az.gov>; Victoria, Yaxaira <yvictoria@courts.az.gov>; Lyda Longa <lyda.longa@myheraldreview.com>; editor.svdr <editor.svdr@gmail.com>; consumerinfo@azag.gov; Flores, Niltza <NFlores@cochise.az.gov>; Commission on Judicial Conduct <CommissionJudicialCo@courts.az.gov>; tsteller@tucson.com; Rowan Moore Gerety <rowanmg@gmail.com>; jennifer.sorenson@myheraldreview.com; communityrelations@sc.pima.gov; CMSAdmin@sc.pima.gov; theClerk <theclerk@appeals2.az.gov>; Craft, Michael (PIMA) <mcraft@sc.pima.gov>
**Subject:** Fwd: [Superior Court] Fwd: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous

Caution! This message was sent from outside your organization.

Amy,

Any restrictions prohibiting me from having hard or soft copies of items included in Roger's various court files are no longer viable. They have been vacated, even IF his restrictions had anything to do with the particular medium by which they were accessed – they were not. That was, in fact, the entire purpose of this appeal – for Roger's unconstitutional restrictions against me accessing his files to finally be lifted.

In the Decision, at paragraph 5, it says the Order that the Decision overturned banned me from "possession or retention of ANY materials in ANY form, physical or electronic". Paragraph 13 ends like this:

We cannot conjure how any attorney could represent a client in a protracted family law matter without access to, **and possession of**, the pertinent orders and pleadings surrounding the case. For the same reason, we cannot imagine how any self-represented litigant could do so. Because Bourke is unfairly prejudiced by this restriction, it warrants reversal. See Volk, 235 Ariz. 462, ¶ 26.

That Decision is attached in case it prompts you to follow the law of this case. It is public, over Roger's strenuous objections, so no one can complain that I'm revealing his secrets to try - AGAIN - to get access to my own case.

The elected Clerk of the Superior Court telling me that I need to go in person to Bisbee or Tucson each time I want to "access" the case, but am still prohibited from **possession of** Roger's documents is unacceptable. It encourages Roger's corruption to ruin his son's life, and the rest of Xander's maternal family's lives.

What if, at Roger's request, I lived in The Congo or Siberia? Would I then have to make the appointment you claim below is required and show up to Bisbee, AZ only when you say someone is available to provide me "access" and that same person is available to guard the file to ensure I don't "possess" this docket that we JUST litigated? Then I get on my jet

back to Siberia carefully mentally rehearsing the contents of what I was allowed to see at 10 am on a weekday, AZ time, hopefully remembering enough to be able "to meaningfully litigate the family law matter to its conclusion" as the Court of Appeals stated in paragraph 17?

I'm sick of this nonsensical crap. I'm sick of having my life and the life of the entire southern AZ judicial branch controlled by Roger Contreras' every illegal whim. Aren't you?

These particular docket items that I'm told to travel for and - what? memorize them instead of possessing hard or electronic copies? – I have never even seen in the first place! Still haven't. The Decision, itself, is about Roger demanding these due process violations and getting them handed to him, ruining my ability to defend myself from his ongoing litigation. The language of the attached Decision is colorful because Roger's bullshit is simply, insane.

The Order I asked you about can't be attached because that's one of Roger's closely-guarded secrets, but the Decision is not a secret and orders that I be provided the docket are not a secret – they were the whole point! It also orders that Roger pay my costs.

Stop screwing around and give me the file - at Roger's expense. My sentiments here extend to Division Two clerks, also. I'm sick of ALL of this and you all should be sick of it, too. Just do your jobs and be done with Roger's drama, please. I'm about fed up with walking on his eggshells. Join me in walking away from his coercive control, won't you?

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

---------- Forwarded message ---------
From: **Hunley, Amy** <ahunley@courts.az.gov>
Date: Tue, Feb 4, 2025 at 1:41 PM
Subject: RE: [Superior Court] Fwd: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous
To: Bourke, Nancy <nbourke36@gmail.com>, Moreno, Angela <anmoreno@courts.az.gov>

Nancy,

        The case is sealed but you are able to view the documents in the file. We can make the case available at our Bisbee office for you to review. Please let us know when you would like to schedule a time to review the file.

Amy



Amy J. Hunley

Clerk of the Superior Court

Jury Commissioner & Probate Registrar

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

www.cochise.az.gov/courtclerk

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Saturday, February 1, 2025 8:17 PM
**To:** Hunley, Amy <ahunley@courts.az.gov>; Moreno, Angela <anmoreno@courts.az.gov>; Cochise County Clerk <cochiseclerk@courts.az.gov>
**Subject:** Re: [Superior Court] Fwd: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous

Caution! This message was sent from outside your organization.

This is another request for an answer re: the docket - this was sent in December.

Thanks,

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

On Mon, Dec 30, 2024 at 2:55 PM Nancy Bourke <nbourke36@gmail.com> wrote:

Hello again Amy,

This is a separate request than the one I sent early this morning re: DO200901390.

What could I do to follow Eleanna's suggestion in orange re: the Superior Court?

Whereas the DO200901390 email this morning is requesting a dollar-amount cost for that separate docket, here I'm asking about Eleanna's orange suggestion re: the COA docket in the subject line and below. At first glance, seems it would be more manageable for me to go through Superior Court than COA, but I should ask the practical steps involved in choosing Superior before deciding that driving to Tucson again during their hours is harder than what you tell me Superior's steps would be. Please include any additional monetary costs COSC would impose for me following the attached order through your COSC's office.

Thanks,

Nancy

**Eleanna
Leyva** <eleanna@appeals2.az.gov
>

|       |                                               |
|-------|-----------------------------------------------|
| to:   | Nancy Bourke                                  |
|       | <nbourke36@gmail.com>,                        |
|       | Michael Craft                                 |
|       | <mcraft@sc.pima.gov>,                         |
|       | Itza French                                   |
|       | <Itza@appeals2.az.gov>,                       |
|       | theClerk                                      |
|       | <theClerk@appeals2.az.gov>                    |
| cc:   | drpahl <drpahl@att.net>,                      |
|       | Joan Sacramento                               |
|       | <sacramento.msw.jd@gmail.com>                 |
| date: | Dec 30, 2024, 9:23 AM                         |

subject:    RE: 2 CA-CV 2024-0019 IN RE THE
            MARRIAGE OF CONTRERAS &
            BOURKE - Order re Agenda
            Miscellaneous

mailed by:  appeals2.az.gov

security:

             _____  Standard
            encryption (TLS) Learn more

            Important because previous messages
            in the conversation were important.

       _____

Good morning Ms. Bourke,

You have access to the supplemental record, and you may view the record by coming in person to the Court of Appeals
Div. 2 or you may also try viewing the record at the Superior Court.

Please call our office at 520-628-6954 if you have any additional questions.


**Error!   Filename     not specified.**   *Eleanna Leyva*

                         *Deputy Clerk Specialist*

                         *Arizona Court of Appeals, Division Two*

                         *eleanna@appeals2.az.gov*

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Monday, December 30, 2024 3:06 AM
**To:** Michael Craft <mcraft@sc.pima.gov>; Itza French <Itza@appeals2.az.gov>; theClerk <theClerk@appeals2.az.gov>; Eleanna Leyva <eleanna@appeals2.az.gov>
**Cc:** drpahl <drpahl@att.net>; Joan Sacramento <sacramento.msw.jd@gmail.com>
**Subject:** Fwd: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous


All,


I'm about 11 days behind in my email account at this hour, so I'm just now seeing this Order.  However, I did do a quick search of my account and don't see that Danette forwarded this item to Michael or Joan as she usually does, so I'm copying you all here, just in case.  Maybe everyone else is just seeing this for the first time, also.


Itza or Eleanna - can either of you tell me if there's anything I need to do beyond this email to (functionally) get the "access to the supplement record" this Order grants me?  When I quickly scanned for Danette's name, I didn't come across anything from Division Two that looked like it might contain this ROA, either.  I was never able to see the ROA in the first place, still can't, and I definitely do not know how to get "access" to the Supplements.  The Order already says I can now have the ROA of this case, so hopefully I can just ask you to make that happen however the clerk would do that?  If there's some kind of way for you to just do a data dump of some kind, please just send me the ROA electronically.


When I login to Division Two's system this morning, it specifically says I should be able to email you, too, in addition to the attached Order granting me access:


## 2 CA-CV 2024-0019 - IN RE THE MARRIAGE OF CONTRERAS & BOURKE
(Click case title to view docket sheet)

***** SEALED SEALED SEALED *****

|  |
| --- |
| **Case is sealed** |
| The case you selected cannot be displayed, as it is marked as sealed. Please contact the Clerk's office at (520) 628-6954 or via e-mail at theClerk@appeals2.az.gov for assistance.<br><br>**Click here** to return to your cases list. |


I'm super tired and admittedly might pass out if you tell me I have to drive there again, or pay a bunch more money, or do another Motion, or set up a new-fangled special account, or rush to another deadline I'm not yet aware of.  Or if I have to follow up with a bunch more emails because there's no response at all.


To any extent begging is a valid way to get the ROA at this point, consider this me begging.  Thank you, Itza & Eleanna,

Nancy Bourke, Esq.

4036 La Linda Way

Suite C

Sierra Vista, AZ 85635

(520) 335-8762

(520) 335-8764 (fax)


www.bourkelawfirm.com


This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.


---------- Forwarded message ----------
From: <theclerk@appeals2.az.gov>
Date: Thu, Dec 19, 2024 at 4:34 PM
Subject: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE - Order re Agenda Miscellaneous
To: <nbourke36@gmail.com>


## Please ACKNOWLEDGE receipt of attached document by clicking on the FOLLOWING LINK:


https://appeals2.az.gov/e-filer/ack.cfm?eID=444356


Failure to acknowledge by clicking the link above will result in daily redistribution of this document until receipt is acknowledged. Please do not reply to this e-mail to acknowledge receipt. You must use the above link to do so. Thank you.


State of Arizona
Court of Appeals
Division Two

In Re: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE
Document Type: Order re Agenda Miscellaneous

Case 4:26-cv-00039-RM    Document 1-1    Filed 01/21/26    Page 79 of 105

Document Title: Order re Agenda Miscellaneous

A document in the above mentioned case has been filed and is attached to this email.

Lisa W. Howell
Clerk of the Court

The following hash or document key verifies the authenticity of the attached document.

Hash: 31D9468A6284340B3156CD201325E22BF543A96B620719604D07D6D02B37FC43

**Register of Actions(02-April 2025-06-38-23).pdf**
446K

# EXHIBIT 13

 Gmail

Nancy Bourke <nbourke36@gmail.com>

## Kepner vs. Bourke Notice re: Superior Court Appeal Fee

Nancy Bourke <nbourke36@gmail.com>                                                                    Sat, Apr 5, 2025 at 2:56 PM
To: "Hunley, Amy" <ahunley@courts.az.gov>
Cc: Lyda Longa <lyda.longa@myheraldreview.com>, "David Morgan, Publisher" <editor.svdr@gmail.com>, Robert Stachel
<rstachel@stachellaw.com>, Sierra Vista Justice Court <svjc@courts.az.gov>, jennifer.sorenson@myheraldreview.com,
"Moreno, Angela" <anmoreno@courts.az.gov>, help@courts.az.gov, Christopher Hiser
<Christopher.Hiser@sierravistaaz.gov>, "Becklund, Marjorie" <Marjorie.Becklund@azag.gov>, Ramsey Canyon
<ramseycanyonna@gmail.com>, "Correa, Paul" <PCorrea@cochise.az.gov>, dhendel@cochise.az.gov,
bwhitehead@cochise.az.gov, "Victoria, Yaxaira" <YVictoria@courts.az.gov>, Cochise Appeals Clerks
<cochiseappealsclerk@courts.az.gov>, Cochise County Clerk <cochiseclerk@courts.az.gov>, Rowan Moore Gerety
<rowanmg@gmail.com>, Gregg Leslie <gregg.leslie@asu.edu>, "Wirthlin, Melissa" <mwirthlin@cochise.az.gov>
Bcc: ███████████████████████████████████████████████████████████████████████████████

Amy,

About a month after you provided part of a register of actions last year on one of the Kepner cases - CV202400474 - Bob
Stachel appeared as attorney of record to increase the Kepner litigation against us in terms of number of completely
unnecessary hearings within each case, number of cases against us, types of relief he wants, additional levels of physical
aggression against us, and property and evidence destruction against me and my children. They do this to us freely
because you provide them all the tools they need to destroy us, yet won't so much as let me see the court files.

Very long story short, your office never made Kepner / Stachel access to the cases an issue, but I'm still struggling in
April, 2025 to get any access to these case records AT ALL. Since his first appearance in any of these cases, last year,
Bob Stachel has been openly speaking about items contained in the Record on Appeal in CV202400474, and in other
cases against us that you STILL will not give me access to.

I spent many additional hours yesterday and today ineffectively trying to work around the secrecy you have encouraged
them to maintain so that we never get any real chance to try to rebuild our lives after Kepner destroyed it with simple
perjury - falsely claiming to a court of law a year ago that I didn't pay him rent, then using his connections with law
enforcement, Roger Contreras, and the rest of the court system - including you - to ensure I never got to prove I did. My
children and I have lost everything as a result. EVERYTHING.

Yesterday and today's feckless efforts - as you know - followed many days me trying to overcome his separate court lie
about when I filed a document. You ignored me about that lie that he told to the court, too, until the AG got involved on
your behalf. Of course that all followed more than a year of being denied any meaningful access to any of these cases
and our lives being destroyed because we continue to be denied our most basic due process rights - such as access to
court files by your office.

At this point, Kepner & Stachel are on published video speaking to the Constable about using their ongoing collaboration
with Judge Roger Contreras to help him make sure I can never practice law in Arizona ever again. That type of
vengeance on a perfect lawyer has nothing to do with the facts or law that are at issue - but your office continuing to exclude
us from all the Kepner legal cases certainly encourages these deeply disturbed and dangerous men to continue their
rampage against my two suffering children and me. They can overcome facts and law to make it about their own
personal desire to hurt vulnerable people because they have access to everything; we have nothing.

Kepner is on video AT MY HOUSE trying to physically destroy my Ring camera, saying out loud that he does not want me
to have THAT evidence, either. He's been so emboldened by officials like you keeping his secrets and amplifying his lies
that he no longer feels the need to hide many of his illegal acts.

Bob Stachel is on Ring video AT MY HOUSE disconnecting my internet so that THAT evidence is destroyed, too.
Whereas I couldn't even dream up a reason for a lawyer to travel to an unrepresented opposing party's home, multiple
officials have taken your lead in keeping everything secret from us and have ran amok, gleefully enjoying and bragging
about their unbridled power.

If evidence hadn't been withheld from us for the past year by the government, including basic access to CV202400474 and underlying evidence - for which I was required by law to pay - these men would not have the nerve to continue destroying us (and **anyone** who tries to help us in any manner) like this.

Stachel and the Kepners have enjoyed open access to all of the Kepner case files and we are still provided NOTHING. There are many, many more disturbing details of how this secrecy has led to undue, extreme consequences to us, but I shouldn't have to write a tome every time I've run out of creative ways to move our lives forward despite these illegal secrets.  I hate being forced to REQUEST that you do your job over and over just so that we can MAYBE survive.

I will no longer sit here and be ignored while Cochise County's corruption destroys our lives.

I want immediate, open, 24/7 access to every file with any of our names on it that is under your control - my name (DOB 11/6/78), Xander Contreras's name (DOB ███), and / or Zoe Swartz's name (DOB ███).  I should never have had to ask - that's the most basic part of your elected position of trust and stewardship, for which I and every other taxpayer compensate you.  I've lost count of how many times I have had to beg for these files.  Enough.

Nancy Bourke, Esq.
P.O. Box 244
Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.
[Quoted text hidden]

**CV202400474 - Register of Actions.xls**
40K

# EXHIBIT 14

 Gmail                                              Nancy Bourke <nbourke36@gmail.com>

## DO200901390 - USB - RECORD

**Hunley, Amy** <ahunley@courts.az.gov>                          Wed, Jul 2, 2025 at 9:20 AM
To: "Bourke, Nancy" <nbourke36@gmail.com>
Cc: "Gray, Rachel" <ragray@courts.az.gov>, "Moreno, Angela" <anmoreno@courts.az.gov>

Nancy,

A thumb drive containing the requested file is available for pickup at the Sierra Vista Clerk's Office. The file includes approximately 12,000 pages. While we initially offered the option of paper copies, given the substantial volume and the burden this would place on court resources, we are unable to fulfill that request. This decision is made pursuant to Rule 123(f)(4)(A)(i) of the Rules of the Supreme Court of Arizona.

You also requested copies of exhibits. As previously noted, we are able to provide them; however, upon reviewing the Court's order from the June 16, 2025, hearing, Judge Wade authorized access to "pleadings" at no charge. He did not include exhibits in that order. If you wish to obtain copies of the exhibits, please bring that request before the Court for clarification or further direction.


Amy J. Hunley

Clerk of the Superior Court

Jury Commissioner & Probate Registrar

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

www.cochise.az.gov/courtclerk

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Friday, June 27, 2025 2:54 PM
**To:** Moreno, Angela <anmoreno@courts.az.gov>
**Cc:** Hunley, Amy <ahunley@courts.az.gov>; Gray, Rachel <ragray@courts.az.gov>
**Subject:** Re: DO200901390 - USB - RECORD

I'll let them know I can't obtain an ETA.

Thanks,

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

https://gofund.me/f7bfce52

On Fri, Jun 27, 2025 at 2:47 PM Moreno, Angela <anmoreno@courts.az.gov> wrote:

Hello Nancy –

Sorry, yes exhibits are included in the case that were admitted in the hearings. As soon as the physical copies are printed, you will be contacted.

Thank you –



Deputy Clerk

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

cochiseappealsclerk@courts.az.gov

www.cochise.az.gov/courtclerk

**From:** Nancy Bourke <nbourke36@gmail.com>
**Sent:** Friday, June 27, 2025 2:40 PM
**To:** Moreno, Angela <anmoreno@courts.az.gov>
**Cc:** Hunley, Amy <ahunley@courts.az.gov>; Gray, Rachel <ragray@courts.az.gov>
**Subject:** Re: DO200901390 - USB - RECORD

Are exhibits included?

What is the ETA on the physical copies?

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages. However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

https://gofund.me/f7bfce52

On Fri, Jun 27, 2025 at 2:37 PM Moreno, Angela <anmoreno@courts.az.gov> wrote:

    Hello Nancy –

The USB drive will be sent to the Sierra Vista Superior Court on Monday; we will inform them that you want to pick them up with the physical copies. As soon as the physical copies of the file are printed, you will be contacted.

Thank you – have a great weekend!



**Deputy Clerk**

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

cochiseappealsclerk@courts.az.gov

www.cochise.az.gov/courtclerk

From: Nancy Bourke <nbourke36@gmail.com>
Sent: Friday, June 27, 2025 2:19 PM
To: Moreno, Angela <anmoreno@courts.az.gov>
Cc: Hunley, Amy <ahunley@courts.az.gov>; Gray, Rachel <ragray@courts.az.gov>
Subject: Re: DO200901390 - USB - RECORD

OK.

1) It will no longer be delivered to Sierra Vista? I was told the file would be delivered there for me to pick up.

2) It contains exhibits, correct?

3) I'd like to pick it up at the same time as the physical copies. What's the ETA on the copies?

Nancy Bourke, Esq.

P.O. Box 244

Sierra Vista, AZ 85636-0244

This e-mail may contain legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original and sent messages.  However, unless otherwise specified in a direct communication, no email from this office shall be considered sufficient to establish an enforceable agreement under Arizona Rule of Family Law Procedure 69.

https://gofund.me/f7bfce52

On Thu, Jun 19, 2025 at 3:32 PM Moreno, Angela <anmoreno@courts.az.gov> wrote:

Hello Nancy –

I am informing you that a USB flash drive containing the case record of DO200901390, from 12/15/2009 – 10/31/2023, is ready for pick up at the Bisbee Courthouse. Our hours are 8:00 am – 5:00 pm, M-F.  The physical copies are still in process and you will be contacted via email when they are available.

Thank you –



Deputy Clerk, Appeals

_____

Cochise County Clerk of the Superior Court

100 Quality Hill, PO Drawer CK

Bisbee AZ 85603

520-432-8600

cochiseappealsclerk@courts.az.gov

www.cochise.az.gov/courtclerk

# EXHIBIT 15



NOTICE OF CLAIMS AGAINST THE CHOCHISE COUNTY CLERK OF THE SUPERIOR COURT PURSUANT TO A.R.S. §12-821.01

Nancy Bourke
P.O. Box 244
Sierra Vista, AZ 85636-0244
(302) 792-7999
Nbourke36@gmail.com

TO:

Amy J. Hunley
Clerk of the Superior Court of Cochise County
100 Quality Hill Road Bisbee, AZ 85603
VIA HAND DELIVERY TO :
☐Amy J. Hunley
☐Rachel A. Grey
Ariz. R. Civ. Proc. 4.1(h)(4)

July 9, 2025

This letter constitutes a formal Notice of Claim against the Amy J. Hunley, Clerk of the Superior Court for Cochise County (hereinafter "the Clerk") and its employees for damages sustained by Nancy Bourke (hereinafter "Claimant"). This claim is made pursuant to Arizona Revised Statutes § 12-821.01.

# I. STATEMENT OF FACTS SUPPORTING THE CLAIM

This claim arises from the acts and omissions of the Clerk, and/or their deputies and employees, which constitute violations of their statutory duties and have resulted in significant financial harm to the Claimant.

**Introduction of Parties:**
Claimant is an individual currently residing at 1966 N. Tahoe Pass Huachuca City, AZ 85616. Her mailing address will remain P.O. Box 244 / Sierra Vista, AZ 85636-0244 and should exclusively be used for any correspondence related hereto that is sent via USPS. Email is preferred.

The Clerk of the Court for Cochise County, is a public entity responsible for the statutory duties, and subject to a separate Code of Conduct. Amy J. Hunley is the elected Clerk for Cochise County's Superior Court.

**Background:**

For purposes of this Notice, all case references are to Cochise County Superior Court matters, unless otherwise specified. Further, dates in some matters that are sealed will be approximate because of the nature of this Notice; that the Elected Clerk of the Superior Court has wrongfully withheld case documents from Claimant, a party in those matters. Likewise, the background case information will be more difficult to recite by Claimant than the Clerk, as the Clerk has refused to provide the Claimant access to the case documents subject to this Notice.

For approximately seven (7) years, the Clerk of the Superior Court has failed to distribute case documents to Claimant in DO200901390. Here and throughout this letter, quotation marks will indicate emails in the Clerk's possession with subject line. Here, see "Fwd: Your Receipt" dated 10/11/23 to Clerk. In approximately the year 2019, an Order was entered sealing DO200901390 ("1390") from the public, at the request of Judge Roger H. Contreras, the Petitioner / Father in that case. The Clerk withheld documents from Claimant and other parties, also, though they are and remain parties to 1390. This, of course, is in direct defiance of the Clerk's statutory duties to parties in Superior Court cases in Cochise County.

Claimant attempted to remedy this issue with the Clerk and her employees several times, believing the Clerk must be mistaken, not acting affirmatively to break the law; to wit: the Clerk interpreting the case seal in 1390 to be against Claimant, in addition to the general public. The Clerk refused to reveal documents from 1390 to Claimant, even when, for example, Claimant would travel to the Clerk's Office with identification and ask for documents from 1390 that showed Claimant's name in the distribution line. The Clerk persisted in refusing to allow Claimant to view or otherwise access resulting in a years-long expenditure of undue efforts, time and money to obtain documents in Claimant's own case, and usually not succeeding in gaining any access at all from the Clerk. To date, hours every single week are spent by Claimant unsuccessfully trying to gain the Clerk's compliance with the law.

Late in the year 2022, Claimant filed four requests in Judge Contreras's 1390 case. Essentially, they were that 1)Family Law Rule 10 be abided, 2)Family law Rules 13 & 17 be abided, 3)that Claimant be treated equally to Judge Contreras with regard to a years-long gag order Judge Contreras obtained, and 4)a Motion to Continue. Judge Contreras had Claimant deemed a vexatious litigant for filing the four Motions.

Eventually, in or about January, 2023, before the vexatious litigant designation and while the above four Motions were pending, Claimant turned to the then-assigned Judge for 1390 to seek an Order clarifying that 1390 was *not* sealed as to the parties, as the Clerk had been treating 1390, Claimant needing desperately to access 1390 to seek a statutory modification of child support and legal decision-making authority, both of which require reference to prior orders to seek modifications under the rules and caselaw. However, the Judge took the Clerk's unconstitutional withholding of 1390 documents from Claimant, a named party, to then actually Order that the case shall be sealed from the parties, also. This rendered seeking the modifications even more difficult.

Judge Contreras's vexatious litigant Motion was granted on 5/22/23, requiring that certain of Claimant's items she intends to be filed in 1390 be approved by the Court, rather than being filed normally, through the Clerk. These came down to Claimant seeking affirmative relief; she was still permitted to respond to Judge Contreras, and to appeal to higher courts, for example, as explicitly stated in the Order. However, the Clerk simply banned Claimant from filing anything, knowing the designation's requirements were limited to 1390, and limited to affirmative filings in 1390.

Immediately, Judge Contreras pursued several additional "remedies," the same day, transmitting any and all case documents from 1390 and breaking the gag he obtained in 1390. For example, within one hour of obtaining the designation, reserved for *unrepresented* parties in civil matters, Judge Contreras called the State Bar of Arizona, and transmitted 1390 documents to them so that Claimant would also lose her career as a representative for getting the *pro se* designation. The Clerk followed Judge Contreras' lead, still denying Claimant access to any documents from 1390, but transmitting them to Judge Contreras, the State Bar, and elsewhere, but never to Claimant.

By 4:32 pm that same day of the designation, 5/12/23, Judge Contreras wrote to the Clerk, directly (though he is represented in 1390) demanding the designation be added to four pending appeals in Division Two, Court of Appeals "on behalf of my counsel". Judge Contreras' stated intent to the *Superior Court Clerk* was to have the Clerk add the designation – issued that day – to *appellate* records the Clerk previously prepared in order to intimidate Claimant into "voluntarily withdraw"ing "issues" currently on appeal from 1390. Eighteen minutes later, the Clerk wrote back to Judge Contreras saying that she spoke with the Court of Appeals, who advised her about Judge Contreras' request to change the previous records on appeal prepared by the Clerk, passing on the advice to Judge Contreras. "Contreras v. Boure; DO200901390 – Supplemental Record on Appeal"

On Halloween, 2023, Judge Contreras obtained another constitutional order, this time to prohibit Claimant from viewing, using, possessing, or retaining anything at all from 1390. Claimant was forced to destroy the entire electronic and paper file from 1390 to comply with the unconstitutional Order.

When Claimant attempted to file a Notice of Appeal of that Order the Clerk wrongfully rejected the Notice, as she had previously been wrongfully rejecting other access to only Claimant, repeatedly interpreting the vexatious designation to restrict Claimant even more than ordered. "Was the appeal resolved? (DO200901390)".

In or about March, 2024, Claimant attempted to file a Petition for Injunction Against Harassment against a Defendant, Scott Kepner (hereinafter, "Kepner"), who had repeatedly broken into Claimant and her children's home. The Clerk never picked up the phone and when Claimant traveled to the Sierra Vista Satellite Office, Claimant was forced to sit at the Clerk's window for such an extended period that the entire courthouse closed and Claimant and her children were left without means to file for the Petition. This is in violation of Ariz. R. of Prot. O. proc. 6(a); (c) ("general jurisdiction courts must accept a person's request to file a petition). Claimant was wrongfully forced to beg to file the Petition so many times that the Defendant filed

a retaliatory eviction action in the meantime and alerted Judge Contreras, in advance of every IAH and every eviction hearing. The days that Claimant was wrongfully prevented from filing her carefully completed Petition left Claimant and her children without any means to seek relief under the Rules of Procedure, causing undue stress for our physical safety, several days of trying to avoid more burglaries and forced confrontations by Kepner, and expenditure of time and money traveling to other courts, forcing a re-write of the AZPoint Petition for each attempt Claimant made to file the Petition with the Clerk under the Rules and statutes.

During the long-standing refusal by the Clerk to accept the Petition for IAH, and as a direct result of the Clerk's wrongful refusals, Claimant had to resort to other measures that would have been unnecessary had the Clerk simply followed the law. For example, Claimant expended a lot of additional time and money to travel away from the home that was repeatedly being broken into, whereas allowing Claimant to file the Petition and serve it would have prevented this. Claimant also researched various firearms laws, and gun safety recommendations, then borrowed a handgun, taking a lot of additional time to teach her children what she was forced to learn about gun safety because of the Clerk's unnecessary delays in allowing her to file her Petition, a matter which, for the Clerk, is required by law. Claimant is extraordinary uncomfortable with the prospect of having to deal with firearms on an emergency basis because the Clerk refused her ministerial duties to accept Petitions for Injunctions Against Harassment. No judicial or other discretion is permitted to be exercised with regard to whether to permit such filings. This was an extraordinarily stressful time for Claimant and her children all directly attributable to the Clerk's wrongful refusal to allow Claimant to file her Petition.

Eventually, Kepner "won" his JP5 eviction matter using the same means the Clerk did, by excluding Claimant from the courtroom, inviting Judge Contreras to all hearings to argue the merits of 1390 despite Claimant not being permitted to speak or break the case seal for 1390. Kepner, and Judge Contreras, who attended every eviction hearing, knew that Claimant was unilaterally denied access to 1390 by the Clerk, arguing, successfully, that Claimant should not be permitted in the eviction matter (at JP5) to use video or other evidence of her faithful compliance with all lease terms. Kepner and Judge Contreras enjoyed free, easy access to that clerk's office, too, while Claimant was precluded from conducting normal case business with that clerk for the remainder of 2024. Judge Contreras worked for JP5 at that time, but did not reveal that to Claimant. He worked for the Cochise County Superior Court, and did not reveal that to Claimant, and neither did the Clerk. Instead, Judge Contreras quietly using his superior access to – and influence over - the Clerk to commit the common law tort of abuse of process repeatedly, as did this Clerk.

Claimant appealed that eviction to Superior Court, paying all fees, costs, bonds, and other monies required to Stay the judgment from JP5, Stay the execution of a Writ from the JP5 matter, and develop the appellate record. These costs were several thousand dollars and itemized in Claimant's dated 4/19/14, which should be contained in the appellate record. Eventually, the Clerk took Claimant's separate appellate filing fee, assigned the eviction appeal Superior Court Case No. CV202400474, then spent the remainder of the year 2024 denying Claimant access to the appellate record. The Clerk is in possession of every written communication from Claimant trying to gain access to 474.

4

Kepner, aware that Claimant continued to be denied access to the ROA by the Clerk, and therefore that Claimant could not write an appropriate appellate brief to contest the eviction, instead used the months after the April Notice of Appeal to relentlessly harass Claimant and her children by additional means, such as repeatedly contacting police and threatening to break in additional times to destroy Claimant's property, rather than engage in the appellate process.

9/30/24 – Claimant against alerted the Clerk that 474 was not appearing in Public Access and reiterated her dire need for access to 474: "Can you please make CV202400474 AVAILABLE ONLINE? There's been no motion – sua sponte or otherwise – to suppress that particular docket and I can't overemphasize the importance of me being able to see it quickly on a fairly regular basis right now." "RE: Kepner vs. Bourke Notice re: Superior Court Appeal Fee. The Clerk responded to Claimant the same day "This case should be available in public access now. I'm not sure how long the system take to update, but please let me know if you still can't access it by tomorrow."

10/4/24 – Claimant told the Clerk 474 was still unavailable. Id.

10/8/24 – the Clerk told Claimant that she reached out to "the AOC IT Support Desk" and promised an update that never came. Id.

10/11/24 – Claimant told the Clerk that 474 remained unavailable to Claimant. Id. The same date, the Clerk told Claimant that she followed up with "the IT support team, and they're escalating this request." Id. This chain of emails continued through April, 2025 and the Clerk never provided Claimant access to her ROA. The Clerk only provided access to Kepner.

On 12/4/24, Claimant again notified the Clerk, Kepner and others of enduring problems caused by the Claimant not be permitted to use eFileAZ in 474, not being permitted to file into 474 by other means, enduring efforts to resolve the Clerk's refusal to provide Claimant access through the Clerk directly, through the Administrative Office of the Court, and through Cochise County IT. "CV202400474 – Motion & form of Order attached."

The next day, Kepner hired an attorney to try yet another means of evicting Claimant while the 474 appeal was pending. This time, he filed another extremely expedited eviction case, instead of responding to the appeal, knowing the ROA continued to be wrongfully withheld from Claimant. This one was filed directly in Superior Court and assigned case number CV202400759 "759" by the Clerk. In December, it became clear that Kepner and his attorney had full access to the 474 case, as Kepner previously did with the JP5 eviction, while both were still being withheld from Claimant by the Clerk.

Claimant soon realized that the Clerk was also withholding case documents for the new eviction filed directly into Superior Court. For example, Claimant attempted to respond to the newest eviction matter when she saw it taped on her door, but filings were being rejected by the Clerk. Once Claimant was able to finally file her responsive document, she independently learned that the Clerk had been distributing case documents for the new eviction to only Kepner, his attorney, and Judge Contreras, not the Claimant. For example, after she filed her responsive document, Claimant learned later that the case had been reassigned to a different Judge, with no

distribution to Claimant – on 12/10/25. She had copied the wrong Judge on her eventual filing because the Clerk never copied her on case documents, including the change of judge.

12/14/24 – "Subject: CORRECTED: I need everything from CV202400759 – immediately" specifically notes problems with JPS eviction and the appeal – 474. Claimant noted to the Clerk that another eviction was pending and, again, only Claimant was being denied access to case information in the new one – CV202400759. Claimant specified "CV202400759 must immediately be placed into eFileAZ, and no filing fees should ever populate in person at the COSC, over eFile, or otherwise, since I am responding to (yet another) FED. Fix the eFile problem now and ensure it is always as up to date for me, Xander, and Zoe, as it is for every other user. Same with public access. CV202400759 needs to be there and be up-to-date at all times." Claimant was again ignored by the Clerk and denied access to case documents.

The Clerk is in receipt from another chain of emails ranging from December 14, 2024 – December 15, 2024 listing out then-current, past, and future potential damages due to her multiple, unilateral failures to perform her mistrial duties with regard to any of Claimant's personal cases, which all involve 1390, Kepner, or her second husband. "Division 4 rejected my email: CORRECTED: I need everything from CV202400759 – immediately"

12/19/24 – The Court of Appeals issued its Due Process Decision in 2 CA-CV 2024-0019, noting that Claimant cannot be denied access to 1390, and ordering that Judge Contreras pay my costs related to the appeal of the Halloween, 2023 Order by the Superior Court.

12/20/24 – Claimant asked for the audio recording of a proceeding held on 12/19/24 for 759. The Clerk delayed delivery in that expedited eviction matter for more than a month, not getting mailing it via USPS to Claimant until 1/24/25, despite a 7-day turnaround time "advertised"

12.29.24 – again asked for file documents in 759 and access to case in eFileAZ. (same email subject line)

12/30/24 – In response to my successful Due Process Appeal in 0019, I asked the Clerk what the costs would be to restore my physical copies and electronic copies of the 1390 file I had been forced to destroy pursuant to the Halloween, 2023 Order. Claimant relayed to the Clerk that an answer to this inquiry was urgently needed. Claimant's time to file her ARCAP Rule 21 Affidavit of Costs was quickly approaching and Claimant needed to include the costs of restoration of the physical and electronic file for 1390 in her timely-filed Rule 21 Affidavit. "DO200901390 (urgent)".

Again on 1/7/25 – Claimant again asked the Clerk for a copy of the court file and access on eFile, knowing another hearing was set in the 759 case for 1/8/25. Again, the Clerk ignored Claimant and denied Claimant any access to the 759 file items in any medium. (Same email chain)

1/8/25 – Claimant was denied access to the Clerk's record by a new Superior Court Judge who took over the 759 eviction.

1/10/25- The Clerk delivered a Judgment of Eviction in 759. Throughout the Order, which is likely a final Order mis-captioned as "proposed," repeated references were made to material facts and documents that Claimant never had equal access to as Kepner. The Clerk's ongoing refusal to provide Claimant access to documents in 474 or 759 resulted in the Order awarding Kepner possession of the home for which Claimant retained legal possession under 474, as well as $3,644.47, plus 8.5% interest. Because monetary damages were assessed against Claimant this date, as the Clerk continued to withhold Claimant's access to the 759 file, Claimant's A.R.S. §12-821.01 claims against the Clerk may be deemed to have accrued on this date under authorities such as State v. Maybery Ranch, Co., L.L.C., 165 P.3d 211, ¶52, 216 Ariz. 233 (Ariz. Ct. Appl., 2007) (limited to claims for money damages); Liberti v. City of Scottsdale, 2 CA-CV 2024-0082 (ongoing failures to disclose documents). Claimant her children have been homeless ever since and Claimant cannot access any case documents or other items that would prove Claimant's creditworthiness or generally "good Tenant" behaviors over many years. The Clerk's failure to provide Claimant equal access is badly affecting Claimant's credit, her reputation as a renter, Mother, Attorney, and litigant, and these effects have worsened through this calendar year, with the Clerk still stubbornly refusing to engage in her most basic ministerial duties so that Claimant can start to rebuild a life for herself and her children.

1/22/25 – Judge Contreras arrived to Claimant's home with several police officers, bringing various thick file documents from 1390 that were processed by the Clerk *ex parte*. He used the documents to remove Claimant's child from her home by physical force. Never having been included on any of the Clerk's efforts prior to Judge Contreras' arrival, Claimant was unable to prevent the wrongful removal of her child from her home by force. The Clerk's 1390 documents were used to prevent the child from having any contact with Claimant's entire family for several weeks straight, amounting to seventeen (17) days of 24-hour parenting time lost that could have been prevented had the Clerk complied with her statutory duties, and those imposed by Division Two to grant Claimant equal access to 1390 documents as Judge Contreras.

1/23/25 – Claimant and her remaining child were locked out of their home based on the Kepner litigation that the Clerk still refused to provide Claimant access to. Because this, too, was done without notice from the Clerk, Kepner and his attorney were able to physically destroy evidence within Claimant's home, causing additional consequences to Claimant in the eviction matters and Judge Contreras's Bar matter. These consequences could have been prevented had Claimant had equal access to the Clerk's court documents.

1/31/25 – The Clerk, having ignored Claimant's 12/30/24 inquiry re: physical file restoration costs in 1390 for over one month, Claimant asked the Clerk again.

2/3/25 – The Clerk contributed to Juge Contreras' licensure complaint against Claimant in his PDJ 2024-9092 case, by generating a report about Claimant. Again, the Clerk did not inform Claimant of her work, leaving Claimant completely unaware that she would later be confronted with the "report" and its (incorrect) contents at a different proceeding, while the Clerk continued to deny Claimant access to her cases in that Court.

2/4/25 – The Clerk finally estimated the file restoration costs for Claimant, far beyond the

due date for her Rule 21 Affidavit. She estimated that the electronic file restoration would cost $36.00 and the physical file restoration would cost $7,500.00.

2/4/25 – The Clerk stated that 2 CA-CV 2024-0019 was "sealed" and that, therefore, the Clerk would only permit me to "view" that ROA in person, in Bisbee, AZ, despite the Decision, Stay Order, and Costs Order all dictating that the file was not to be sealed from Claimant. "[Superior Court] Fwd: 2 CA-CV 2024-0019 IN RE THE MARRIAGE OF CONTRERAS & BOURKE – Order re Agenda Miscellaneous"

2/5/25 – an hour after it was Ordered in 759, Clerk filed granting Judge Contreras' Intervention into 759 taking over my party status officially and sealing 759 at Judge Contreras' request. This was also distributed by the Clerk same-day. It was distributed to four separate email addresses for Kepner, and four separate email addresses for Judge Contreras.

2/6/25 – Claimant left her original filing requesting a change of Judge for DO202000439 with the Clerk and distributed copies to all, knowing Claimant was now forced to seek a child support modification in that matter, since she was still being prevented from filing in the 1390 case. The Clerk also delayed this filing until 2/10/25. The Clerk never distributed the COJ internally, as required, after file-stamping it, again delaying Claimant's child support matter, despite Cochise County Local Rule 9 and the Family Law Rules requiring expediting of such matters. Claimant had to rely on Court Administration to finally submit the filed version of this request to the assigned Division for review of the COJ. Court Admin emailed Claimant on 3/31/25 at 5 pm. "NEED NEW JUDGE'S CONTACT INFORMATION Fwd: DO202000439 – COJ"

At 9:24 the next day, 4/1/25, it was granted. Once processed as it should have been by the Clerk, it took 1 hour and 24 minutes to be addressed by the Judge, but it sat with clerk nearly two months, while I lost child support months, the ability to seek modest, but urgent parenting time changes, and other relief under the dire circumstances of the Clerk's various cases wherein Claimant was responding in her personal capacity.

2/5/25 – The Clerk stated that she would not permit the transportation of the 1390 to a closer satellite office of the Clerk's for Claimant to so much as view the 1390 file. "2 CA-CV 2024-0019 IN RE THE MARIAGE OF CONTRERA & BOURKE – Order re: Agenda Miscellaneous"

Again on 2/10/25 (same email chain), Claimant informed the Clerk that she was still waiting for public access and eFileAZ access in the 474 matter she filed in April, 2024.

2/12/25 – Clerk finally responded, with regard to 759, which resulted in Claimant and her children's homeless more than a month prior, that "This case is now available to view on Public Access, and you should be able to e-file now. The cost for a copy of the file is $46.00 (92 copies at $0.50 per page). Once the fee is paid, we can have the documents available for you at the Sierra Vista office. As of 7/8/25, 759 is still not populated into eFile. None of Kepner or Contreras' cases are, and never have been – for Claimant.

2/12/25 – Upon being summoned to Phoenix for a "contempt" hearing in Judge Contreras' PDJ 2024-9092 complaint, Claimant was confronted, for the first time, with the "report" the Clerk generated on 2/3/25, as well as communications from both Judge Contreras and his attorney in 1390. Claimant was still being denied access to this information by the Clerk.

2/25/25 – Claimant began checking her credit score more often, as well as having to reach out to people she knew personally to ask that they consider Claimant as a tenant, despite the court files' contents, which were still being denied to Claimant, only. No one would consider Claimaint or her children, despite a perfect credit report for thirty (30) prior years, because of the contents of the case files that Claimant still cannot contest because she is still being denied access to them by the Clerk.

2/26/25 – The Clerk emailed the parties under subject line "CV2-2400474 – LOWER COURT RECORD (JP5)" saying she finally transmitted the JP5 matter – from nearly 11 months prior – "into the case as an Appeal Transmittal (JP court), in two parts." Claimant responded "How do I access those two parts? Can you attach them here, please? They have not populated into eFileAZ or any other place where I can actually access the ROA". The Clerk never responded and never provided Claimant access to the ROA that she paid for, multiple times over, since April, 2024.

3/20/25 – Claimant forwarded her "urgent" email chain to the JA for 1390, noting that Claimant submitted a form of order that would have restored Claimant's access to 1390 per 0019 and asked what else I could do to gain access to 1390. The JA responded that day that "The Clerk of the Cochise County Court is responsible for releasing and providing access to Superior Court files".

In the meantime, Judge Contreras and others continued complaining to the State Bar that Claimant was trying to work, while also using his exclusive access to the Clerk's files at the State Bar and to prevent Claimant from seeking child support from him. The Clerk's refusals to comply with her statutory and case-specific duties have resulting in Judge Contreras paying no child support at all since he was fired from the Cochise County Attorney's Office in the year 2018. This state of affairs continues to date.

3/7/25 – On the same date Complainant against begged the Clerk for case access, the Clerk filed a signed Order, certified it and provided it to Kepner, awarding him an additional $5,000.00, plus 8.5% interest, plus unstated attorney's fees and costs, also at 8.5% interest. The Clerk never distributed this new Order to Complainant, either, leaving her completely unaware that additional monetary sanctions were awarded against her, and accruing interest. This was another ex parte, award against Claimant, without notice from the Clerk. Case numbers 328 & 474 were written in the caption. Claimant independently found this Order later, on 4/19/25, as she continued seeking housing for herself and her children under the circumstances of the Clerks' cases. Claimant had to file a Motion for Relief from Judgment when she discovered this Order, taking additional days from Claimant for research that could have been spent earning her normal hourly fee for paid work.

3/10/25 – Claimant was forced to file an appellate memorandum on 474, still without file

9

access from the Clerk. Claimant traveled to Sierra Vista, AZ in the middle of the night before the Clerk's office opened to file it in the outdoors filing box. Claimant noted, at FN3 of her Memorandum "This Court denied Tenant's procedural Motion to access the ROA and all of Tenant's efforts to obtain access from multiple sources before and since have been futile. Therefore, Tenant can only describe items and hope that they are contained somewhere in the ROA she paid for on April 19, 2024".

3/25/25 – Claimant again reminded the Clerk that the Clerk was still denying only Claimant access to the ROA and a hearing was set for that date in 474. "CV202400474:  Need unobstructed internet access this morning".

3/25/25 – Kepner claimed that Claimant didn't file her 474 memo on time because the Clerk did not file it until 3/11/25, and did not distribute copies until 3/14/25.

3/25/25 – 3/27/25 – "service of subpoena ad testificandum in JP5 case #CV2024000328". The Superior Court remanded 474 back to JP5 (328 case) to determine whether 474 should be dismissed for Claimant allegedly filing her Appellate Memorandum on 3/11/25, instead of before opening hours on 3/10/25. Claimant spent at least three (3) full-time days asking for the Clerk's assistance, providing video evidence of Claimant's filing attempt early on 3/10/25, before traveling to Phoenix for Oral Argument in Judge Contreras' Supreme Court case regarding 1390. Claimant provided a proposed letter that the Clerk could notarize indicating the true filing date, the template deriving from the year 2013 when Claimant previously had to have the predecessor Clerk issue one to clarify that Claimant did not miss a different appellate deadline in that year, related to 1390. All of Claimant's communications that week were ignored by the Clerk. Claimant finally asked to whom a subpoena should be directed for the Clerk's testimony regarding the issues caused by her office and greatly exacerbated by ignoring the problem all week. The Clerk apparently retained the AZ AG to handle the Clerk's failures brought to her attention that week. The AG filed a Motion after Claimant spent several days trying to get anything from security, presiding, and Clerk, directly. The AG spoke directly with Kepner, but never with Claimant. The Clerk and the AG purportedly conducted an investigation regarding the Clerk's failures that week, but continued to leave only Claimant out of the discussions, causing her even greater emotional distress that could have been avoided with simply case communication, like the AG engaged Kepner in that week. "CV202400474-KEPNER v. BOURKE". In Response to the AG's filing into 474, the Superior Court retook jurisdiction of the appeal, but gave Kepner another extension, even though he had the file, and the Clerk continued to withhold it from only Claimant.

3/31/25 – Claimant clarified to the Clerk (in response to her 2/4/25 email denying Claimant possession / retention of 2 CA-CV 2024-0019) that all such restrictions against Claimant were deemed unconstitutional by Division Two, Court of Appeals, and that the appellate Decision was requested to be sealed by Judge Contreras, which request was *denied* by that Court. Claimant quoted language from the Decision trying to gain the Clerk's compliance with the Due Process Decision: "We cannot conjure how any attorney could represent a client in a protracted family law matter without access to, and possession of, the pertinent order and pleadings surrounding the case. For the same reason, we cannot imagine how any self-represented litigant could do so. Because Bourke is unfairly prejudiced by this restriction, it

warrants reversal." (emphases and highlights in original email to Clerk). The Clerk ignored Claimant's demands for "possessing hard or electronic copies" at Judge Contreras' expense, as Ordered by Division Two.

4/2/25 – the Clerk stated she would not permit Claimant to have copies of 1390 and told Claimant she would be required by the Clerk to "file a motion and proposed order requesting permission to receive the requested document" all despite – and directly in spite of – 2 CA-CV 2024-0019. "2 CA-CV 2024-0019 IN RE THE MARIAGE OF CONTRERAS & BOURKE – Order re: Agenda Miscellaneous" The Clerk then attached to the email refusing to comply with the Court of Appeals, a Register of Actions for 1390 consisting of 30 pages of line-items on 1390's docket. The first two pages listed dozens of items that the Clerk processed on behalf of Judge Contreras since the Halloween, 2023 Order banning Claimant's viewing of Judge Contreras' 1390 file.

4/10/25 – "Motion / Affidavit DO200901396 – pre-file copy attached". The Clerk refused to notarize or even permit Claimant from mailing a document for filing approval in 1390. The Clerk is in possession of a chain of emails showing her office's sustained efforts to refuse to allow Claimant to so much as seek permission to file into 1390. Some of the Clerk's rejections are also noted in "DO200901390".

4/2/25 – 4/16/25 – The Clerk refused to comply with A.R.S. §12-282(G); (H), even on Claimant's request noting that Claimant had been prevented from seeking a child support modification by the Clerk and asking her to assist DES with making an appropriate filing on Claimant's behalf, by use of 1390 documents the Clerk continued to refuse to release to Claimant, personally, despite 0019. "Case / ATLAS #0011240831-00"

4/18/25 – The Clerk delivered some records in another matter Judge Contreras filed against Claimant in PO202500049 on Claimant's request, when she independently learned he adjudicated that matter to conclusion, without informing Claimant. Judge Contreras appears to have again defied his own seals and gags from 1390 to publish information to a different court to seek even more relief against Claimant, again, *ex parte*. Claimant asked over the next six (6) days for the Clerk to provide Claimant sufficient information about the location, date, and time of the hearing or hearings held in that matter so that Claimant could order the audio recording(s) of same. She was given enough information to determine that Judge Contreras again filed a new matter against Claimant and her children, but was denied sufficient information to order the audio recording of the *ex parte* proceeding, even though Judge Contreras named Claimant as a defendant. The Clerk still has not provided this information to date.

4/19/25 – Claimant, still trying to find a way to rent again despite two illegal evictions and sustained work against her rebuilding her career, Claimant found the "Order and Judgment Quashing Lis Pendens filed 3/7/25 by Kepner, referenced above. This was ever delivered by the Clerk. Claimant still cannot resume her career or resolve her homelessness because of the Clerk failing to allow Claimant to address court matters such as this. Claimant's credit and reputation have been completed ruined because she has no means to address this now-rampant perjury, Claimant cannot redress the destroyed relationship with her children in the Clerk's Court.

4/22/25 – The Clerk continues allowing other litigants to take Claimant and her children's money, property, and rights without Due Process of Law. The Clerk is well aware that she should have, minimally, distributed this new Order to Claimant that she filed and certified for Kepner for "statutory damages in the amount of $5,000 which shall accrue interest at the legal rate of 8.5% until paid in full" and non-enumerated "attorney's fees and costs incurred , which shall accrue interest at the legal rate of 8.5% per annum until paid in full"

5/12/25 – Claimant notified the Clerk that she still doesn't  have access to the 328 or 474 cases, but was forced to argue the Memorandum the AG involved herself with in March. Claimant still lacked anything to do with the March 7, 2025 Judgment the Clerk failed to provide her, also.  Claimant had to endure ridiculous sarcastic comments from Kepner in Court that day, such as this is not a "super-secret record on appeal" – just ask.  Kepner was able to argue (without notice) that Claimant presented no evidence of asking for the ROA, "as if" Kepner is hiding the ball.  He claimed – with a straight face – that there were no thwarting of Claimant's efforts to obtain the file.  He argued that Claimant's tenancy is over the subsequent matter, so Claimant should not be permitted to appeal the first one.  Claimant was not permitted rebuttal, though no one, including the Clerk, informed Claimant that the matter was set for OA on Claimant's Motion for Relief that date.   Again, Claimant was forced to "wing" Oral Argument with no file, no Response from Kepner, and no notice of the proceedings.  Claimant described struggles with being homeless to rent again, living in her children's school district, with working, with resuming her career that Stachel, Kepner, the Constable discussed ending with Judge Contreras on 1/23/25 when they locked Claimant out of her home with no notice.  Claimant did name specific people who purposefully kept the 3/7/25 order hidden from Claimant, including Kepner, Stachel, Angela Moreno (appellate clerk), April Rodriguez, and Yaxaria Victoria, but this fell on deaf ears to this Judge who had a hard time believing – as has many others – that the Clerk would deny Claimant access to her own case files.  The Clerk should have abided Rule 8 (Special Actions) that says the "clerk must distribute all the minute entries, notices, or other documents to all parties."  The Clerk's simple ministerial acts would greatly assist Claimant rebuilding her life.

5/13/25 – Claimant asked the Clerk to preserve evidence under PO202500049 in light of her refusal to provide Claimant information about that matter.  Cruz v. City of Tucson, 401 P.3d 1018, ¶¶20-21 (Ariz. App., 2017).

5/20/25 – Claimant included the Clerk on communications with the State Bar of Arizona about how the Clerk's refusal to comply with her statutory duties, and the law of the case regarding 1390 was still working to terminate Claimants' unrelated career.  "(cont'd discovery & disclosure attempts in PDJ 2024-9092) Fwd:  Already forgot to ask".

5/21/25 – the Clerk continued to refuse to comply with her statutory A.R.S. §12-282(G); (H) non-discretionary duties, even when Claimant indicated she also needed 1390 documents related to her continued search for housing, requiring documentation denied to Claimant, only.  "Housing Authority phone message today, 5/21/25, & ATLAS #00112408310-00"

5/22/25 – Claimant expanded her request to the Clerk to preserve evidence in ten (10)

separate incident or case numbers[1] and are incorporated into this NOC. Claimant having being put on sufficient "notice to investigate" the continuing torts in the identified cases. *Id.* "PRESERVATION REQUEST"

6/12/25 – the Clerk denied copies of any documents in 1390 to the Intervenor, another party in 1390. "case document availability status now of DO200901390 (Contreras v Bourke)?"

6/19/25 – The Clerk informed Claimant that "the physical copies are still in process" with regard to the December Decision of the Court of Appeals, 0019, and the Superior Court Judge's additional orders on 6/16/25.

On 6/16/25, Claimant again endured hours at the Clerk's office awaiting a simple "Received" stamp to appeal the March 7th Order, and an eventual "FILED" stamp despite repeatedly having to explain why those were necessary.

On 6/23/25 the Clerk filed a copy of mailed delivered to the 439 Respondent. The Clerk still refuses to deliver first copies of documents to Claimant in that case, and every other one involving Kepner or Judge Contreras.

7/7/25 - The Clerk refused to file Claimant's documents into 439 that were submitted prior to opening that date. This caused additional delays in that child support and parenting time matter that the Clerk failed to address throughout February and March.

6/27/25 – Claimant asked the Clerk to confirm delivery to city closer to Claimant's current residence as promised, and that the file will contain exhibits (as required for child support and LDM modification, which Claimant has been trying to file since 2023) and that I could pick up the restored electronic file for 1390 at the same time as the physical file for 1390.

6/27/25 – The Clerk told Claimant that its Sierra Vista satellite office will be informed that I wish to pick up electronic and physical restorations at the same time.

6/27/25 – Claimant asked again for clarification on including exhibits and asked an ETA for physical restoration of the 1390 file.

---

[1] This litigation hold included the following list, verbatim:

1. Incident #00728096 (Administrative Office of the Court)
2. Cochise County Superior Court Case # CV202400474
3. Cochise County Superior Court Case # CV202400759
4. Cochise County Justice of the Peace Case # CV202400328
5. Cochise County Superior Court Case # PO202400086
6. 2 CA-CV 2024-0165
7. PDJ Case # 2024-9092
8. Cochise County Case # DO200901390
9. Cochise County Case # PO202500049
10. 2 CA-CV 2024-0019-PC

6/27/25 – The Clerk told Claimant that 1390 exhibits would be included, and that Claimant "will be contacted" when the physical file is ready.

6/27/25 – Claimant acknowledged to the Clerk I Claimant is not  hearing an ETA on physical copies and will advise others of this ongoing scheduling crisis.

7/2/25 – The Clerk informed Claimant that she would not be providing restoration of the physical file for 1390 after all, despite the 6/16/25 Superior Court order, despite Claimant being asked on 6/16/25 whether she wishes for the physical file to be restored and answering in the affirmative, and despite the appellate court Decision, 0019. The Clerk again invoked a rule applicable to the general public, not parties or subjects of specific court orders, in an attempt to justify her non-compliance with her statutory duties. The Clerk also informed Claimant that she would not include exhibits, which Claimant had been needing to file for CS and LDM for approximately two years now.

7/7/25 - The Clerk refused to file Claimant's documents into 439 that were submitted prior to opening that date.  This caused additional delays in that child support and parenting time matter that the Clerk failed to address throughout February and March.

7/8/25 – the Clerk reiterated her refusal to accept or waive service of this NOC, despite her obligation to do so under the Rules of Civil Procedure.

7/9/25 – Claimant was subject to another hearing on Judge Contreras' Bar complaints, with which the Clerk is cooperating against Claimant. It was again stressed by the PDJ that the Clerk must release the files related to the Bar matter for Claimant to be able to defend herself from the ongoing licensure attacks.

## II. BASIS OF LIABILITY

The Clerk of the Court is liable for the damages incurred by the Claimant due to the breach of her ministerial and statutory duties. The Clerk's actions and omissions were not discretionary, but were required by law. The failure to perform these duties, or the negligent performance of these duties, directly and foreseeably caused the Claimant's financial losses.

In addition to the distinct authorities delineated *supra*, the Clerks' actions violate several state laws, including, A.R.S. 12-281(A) (oath & bond of $5K conditioned on the faithful performance of duties); §12-281(A)(3); (D) (administration & supervision); (F) (shall "maintain and provide access to court records in accordance with applicable law or rule of court." The clerk shall "keep a docket in the form and style as prescribed by the supreme court."  (G).

As a direct and proximate result of the Clerk's failure to comply with her statutory duties, the Claimant has suffered financial harm.

$282,857 approximates lost wages for having to attend, instead, to resolving the issues with the above cases directly due to the Clerk's failures / refusals to perform her statutory duties, and comply with her ethical code of conduct, specifically with regard to only Claimant (never

14

any opposing parties) in 474, 0019, 9092 (State Bar), 1390, 759, and 439. This time could have been dedicated to paid work at Claimant's normal rate of $275.00/hour.

$45,000 in estimated lost child support awards that would have been ordered had the Clerk allowed Claimant access to 1390 or the ability to file into it ($1,500 x 30 months).

$5,000 in estimated lost child support awards that would have been ordered to commence starting 3/1/25 had the Clerk processed Claimant's filings timely in 439.

The Clerk continues to engage in the continuing tort of Abuse of Process by improperly using process against only Claimant in all Kepner, Contreras, and Swartz (439) cases, as well as the collateral cases brough by Judge Contreras, such as PDJ 2024-9092. These continuing, willful and improper acts are committed under the authority of the Court to achieve unjust results against Claimant and her children. Claimant continues to suffer constantly accruing monetary losses, severe emotional distress, unwarranted damage to her reputation, career, and relationships.

Judicial immunity does not apply to the Clerk's failures, negligence, and purposefully wrongful acts regarding these ministerial, non-discretionary duties ("shall").

All available remedies will be pursued in federal court should the matter not be satisfactorily resolved in State Court, at which time First Amendment, Due Process, and other federal claims will be pursued to the fullest extent of the law.

## III. SETTLEMENT DEMAND

Pursuant to A.R.S. § 12-821.01(A), the Claimant hereby makes a demand for settlement in the specific amount of $2,500,000.00.

The Claimant is prepared to provide further documentation and discuss this matter with you in an effort to reach a fair and just resolution. This offer to settle will remain open for sixty (60) days from the date of this letter, as provided in A.R.S. § 12-821.01(E). If this matter is not resolved within that time, the Claimant will be forced to pursue all available legal remedies, including the filing of a lawsuit.

Sincerely,

Nancy Bourke
Claimant